IN THE UNITED STATES DISTRICT COURT
*FOR THE* DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PEDRO ROSSELLÓ ET AL.,**<br>*PLAINTIFFS*<br><br>VS.<br><br>**BROWN & WILLIAMSON ET AL.,**<br>*DEFENDANTS* | Civil Case Number:<br>**97-1910 (JAF)** |

**MOTION TO DISMISS PLAINTIFF BEKENTON'S PLEADING STYLED "COMPLAINT" BY NATIONAL ASSOCIATION OF ATTORNEYS GENERAL AND ITS PRESIDENT, HON. STEPHEN CARTER**

**TO THE HONORABLE COURT:**

   **COME NOW** THE NATIONAL ASSOCIATION OF ATTORNEYS GENERAL AND ITS PRESIDENT, THE HON. STEPHEN A. CARTER, by special appearance through the undersigned counsel, and without submitting to the jurisdiction of this Court, move this Honorable Court to dismiss DKT. 248 "Complaint for Declaratory Relief Enforcement, Construction and Breach of Master Settlement Agreement", and respectfully state and pray:

**RELIEF SOUGHT**

   Pursuant to Rule 7.1 of the Local Rules of the District of Puerto Rico (2004), the National Association of Attorneys General ("NAAG") and Stephen A. Carter, President of NAAG, recipients of a pleading filed in the above-captioned case that purports to be a "Complaint," hereby submit this motion and incorporated memorandum to dismiss the pleading styled a Complaint by Plaintiff Bekenton under Federal Rule of Civil Procedure 12(b)(2), due to lack of personal jurisdiction over either NAAG or Mr. Carter; Federal Rule of Civil Procedure 12(b)(1), due to lack of subject matter jurisdiction; Federal Rule of Civil Procedure 12 (b)(4), due to insufficiency of process; and Federal Rule of Civil Procedure 12(b)(5), due to insufficiency of service of process.  In so doing, NAAG and Mr. Carter do not intend to subject themselves to the

jurisdiction of this Court or to appear in this action for any purpose other than to raise these jurisdictional defenses.

## INTRODUCTION

Defendant NAAG is an unincorporated association with offices in the District of Columbia. The members of NAAG are the Attorneys General of each of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and the territories of the Virgin Islands, Guam, American Samoa, and the Northern Mariana Islands (the "four territories"). A copy of the Constitution and By-Laws of NAAG is attached at Tab A. Stephen Carter is Attorney General of Indiana and President of NAAG, and he is a citizen of the State of Indiana.

The captioned action is one brought by the Commonwealth of Puerto Rico against several tobacco product manufacturers that was settled in 1998. After the settlement was reached and after this Court issued a Consent Order approving it on December 9, 1998, this Court retained jurisdiction for the purpose of adjudicating actions by parties to the lawsuit to enforce the terms of the settlement and the Consent Order against other parties to the lawsuit. Neither NAAG nor Mr. Carter was or is a party in the captioned action.

This action was settled by an agreement by which the Commonwealth settled its claims against the tobacco manufacturers. The agreement's terms were identical to the terms of settlement agreements entered into by 46 States, the District of Columbia, and the four territories with those manufacturers. This Agreement is known as the Master Settlement Agreement of November 23, 1998 ("MSA"). A copy of the Master Settlement Agreement is attached at Tab B. NAAG is not a party to the Master Settlement Agreement. Mr. Carter is not a party to the Master Settlement Agreement in his capacity as President of NAAG, although the state of which he is Attorney General is a party. Neither NAAG nor Mr. Carter is subject to the Consent Order

entered by this Court.

The terms of the Master Settlement Agreement permit a cigarette manufacturer that was not originally a Party to the MSA to become a Party to the Agreement as a "Subsequent Participating Manufacturer" ("SPM"). Bekenton S.A., which Plaintiff alleges was a predecessor company of Plaintiff, became an SPM and thus became subject to the jurisdiction of this Court with regard to the implementation and enforcement of the MSA as to Puerto Rico.

Plaintiff is currently the defendant in a separate enforcement action brought by the State of California on account of its failures to comply with its obligations as a Participating Manufacturer under the tobacco MSA. Complaint ¶ 51. On July 18, 2005, Plaintiff filed a pleading styled a "Complaint" against NAAG and the Hon. Stephen Carter, the current President of NAAG (as alleged representative of a defendant class consisting of the members of NAAG) in this Court, seeking a declaration concerning the interpretation and application of the Agreement. Plaintiff alleges that it served process by mailing a copy of the pleading to each of the Defendants (Complaint, Certificate of Service signed by Francisco M. Troncoso), although neither NAAG nor Attorney General Carter has received the pleading. *See* Declaration of Mark E. Greenwold, attached as Tab C, at ¶ 7. However, although the pleading was styled a "Complaint," it was filed in the above-captioned docket.

It is not at all clear whether the pleading filed by Bekenton purports to be a Complaint initiating a new action or a motion in the captioned litigation. In either case, it must be dismissed pursuant to Federal Rule 12(b)(2) (lack of jurisdiction over the person) and 12(b)(1) (lack of subject matter jurisdiction). If it is a complaint initiating a new action, it must also be dismissed pursuant to Federal Rule 12(b)(4) (insufficiency of process) and 12(b)(5) (insufficiency of service of process). If is a motion, it is invalid because neither Defendant is a party in this

action, neither Defendant has been properly served, and neither Defendant is subject to the jurisdiction of this Court.

## ARGUMENT

**I.  THE PLEADING MUST BE DISMISSED UNDER FEDERAL RULE 12(B)(2) BECAUSE OF LACK OF JURISDICTION OVER THE PERSON AND UNDER FEDERAL RULE 12(B)(1) BECAUSE OF LACK OF SUBJECT MATTER JURISDICTION**

**A.  The Pleading must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.**

"When challenged, the plaintiff has the burden of proving the court's jurisdiction over the defendant. To meet its burden, the plaintiff must establish sufficient facts to support a prima facie case authorizing personal jurisdiction over the defendant under both the forum's long-arm statute and the due process clause of the Constitution." U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990) (citations omitted). There are two types of personal jurisdiction: general and specific. Trio Realty, Inc. v. Eldorado Homes, Inc., 350 F. Supp. 2d 322, 325 (D. P.R. 2004). "General jurisdiction exists when the lawsuit is not directly based on the defendant's contacts with the forum, but when the defendant has engaged in systematic and continuous activity in said forum." Id. Plaintiff Bekenton has made no allegations of general jurisdiction, and there is no basis for asserting general jurisdiction over NAAG and Steven Carter. Declaration of Mark E. Greenwold at ¶¶ 3-4. Regarding specific jurisdiction, Puerto Rico's long-arm statute "extends personal jurisdiction as far as the Federal Constitution permits." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994); 32 L.P.R.A., App. III, R. 4.7(a). Accordingly, since the Puerto Rico long-arm statute is coextensive with the U.S. Constitution's due process limits, the court's analysis may focus solely on the federal constitutional analysis. Santiago-Gonzalez v. Motion Powerboats, Inc., 334 F. Supp. 2d 98, 103 (D. P.R. 2004) (Judge Fuste)

*citing* Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995). The due process inquiry was described by this Court in Santiago-Gonzalez stating:

> The First Circuit has established a three-part test to determine whether the exercise of specific personal jurisdiction does not violate the Due Process Clause: (1) the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities; (2) the defendant must purposefully avail himself of the privilege of conducting activities in the forum state, thereby invoking the state law's benefits and protections and making the defendant's involuntary presence before the state's court foreseeable; and (3) the exercise of jurisdiction must, in light of the gestalt factors, be reasonable. (citations omitted).

Id., 334 F. Supp. 2d at 103.

### *Jurisdictional Allegations Regarding NAAG*

Nothing alleged in the Amended Complaint even suggests that NAAG had any forum-state activities from which any of Bekenton's claims could arise, much less that NAAG "purposely availed" itself of the privilege of acting in Puerto Rico, or that there is any other factor on which jurisdiction over NAAG could reasonably be based. NAAG maintains no office, owns no property, transacts no business and is not a party to any action in Puerto Rico, nor has NAAG ever availed itself of the jurisdiction of the courts of Puerto Rico. (Declaration of Mark E. Greenwold at ¶ 3). *See* Trio Realty, 350 F. Supp. 2d at 328-29 (finding no personal jurisdiction over out-of-state attorney who was not party to allegedly breached contract); Leopoldo Fontanillas, Inc. v. Luis Ayala Colon Sucesores, *Inc.,* 283 F. Supp. 2d 579, 586-87 (D. P.R. 2003) (finding no personal jurisdiction where purchaser under contract averred it had no offices, licenses, bank accounts, or property in Puerto Rico).

Nor can personal jurisdiction be established in Puerto Rico because of any function NAAG performs with regard to the MSA. NAAG is not a signatory of the MSA and is not a party to it. Contrary to the allegations in the Plaintiff's pleading, NAAG is not charged with the enforcement of the MSA, nor does it "manage" the MSA. Complaint ¶ 2. **The MSA makes**

**clear that it is only the States and not NAAG that have authority to enforce the MSA**. MSA § VII(c); *see also*, MSA § XVIII(p) ("No portion of this Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Settling State . . . ."). NAAG has never been authorized by the Settling States to enforce the MSA. Declaration of Mark E. Greenwold at ¶ 6. As another district court has found in denying personal jurisdiction over NAAG, the Association "does not serve as an independent force to police the agreement." <u>PTI v. Philip Morris, Inc.</u>, 100 F. Supp. 2d 1179, 1190 (C.D. Cal. 2000). Moreover, even if NAAG had such authority there is no allegation that it performed any act related to such authority in Puerto Rico, and therefore the existence of any such authority would not provide the basis for the exercise of personal jurisdiction over it in Puerto Rico. Although Plaintiff alleges NAAG had communications with Plaintiff regarding the terms and effects of the MSA, Complaint ¶ 22, 27, 33, 42-43, 50, it does not allege that any such communication was either initiated in or received in Puerto Rico. Moreover, no such communication could remotely be construed to constitute a basis for the exercise of personal jurisdiction by this Court.

It is true that the Attorney General of Puerto Rico is one of the fifty-six members of NAAG. But the First Circuit has held that the circumstance that one member of an unincorporated association has minimum contacts with a state does not mean the association has the requisite contacts. *See* <u>Donatelli v. Nat'l Hockey League</u>, 893 F.2d 459 (1st Cir. 1990). The activities of an association member can be imputed to the association for purposes of establishing minimum contacts only where the association controls the activities of the member. <u>Id</u>. at 469. NAAG exerts no control over its members, who are the Attorneys General of each of the States. Attorneys General are elected annually to the Executive Committee of NAAG, and the organization's mission is: "To facilitate interaction among Attorneys General as peers. To

facilitate the enhanced performance of Attorneys General and their staffs." *See* NAAG Constitution, attached as Tab A.

### *Jurisdictional Allegations Regarding Mr. Carter*

Similarly, the action against Mr. Carter must also be dismissed for lack of personal jurisdiction. Mr. Carter is Attorney General of Indiana. He is a citizen of Indiana and he maintains offices only in the State of Indiana. He transacts no business in Puerto Rico. Declaration of Mark E. Greenwold at ¶ 4. He is not a party to any action in Puerto Rico. The State of which he is Attorney General is a party to the MSA, but Section VII(a) of the MSA provides that the court in each individual State that approved the tobacco settlement "shall retain exclusive jurisdiction for the purpose of implementing and enforcing this Agreement and the Consent Decree as to such Settling State" and that, with exceptions not relevant here, that court "shall be the only court to which disputes under this Agreement or the Consent Decree are presented as to such Settling State." Thus, with respect to any issue arising out of the MSA, Mr. Carter may be sued in his capacity as Attorney General of Indiana only in the Marion County Superior Court, the court listed in Exhibit D of the MSA. Thus, the fact that the State of Indiana is a party to the MSA does not mean that its Attorney General can be made subject to suit in Puerto Rico.

In similar circumstances, other courts have dismissed claims against Attorneys General of States other than the forum State for lack of personal jurisdiction. In <u>Grand River Enter. Six Nations, Ltd. v. Pryor</u>, 2003 WL 22232974 at *4-6 (S.D.N.Y. Sep 29, 2003) (NO. 02 CIV.5068(JFK), *vacated in part on other grounds*, 2004 WL 1594869, 2004-2 Trade Cases P 74,484 (S.D.N.Y. Jul 15, 2004), *appeal pending* (2d Cir. No. 03-9179cv), the court dismissed claims against the Attorneys General of 30 States that alleged that legislation enacted to

7

implement the MSA was invalid. The court found that those Attorneys General had not transacted business in New York sufficient to confer jurisdiction on a court in New York even though they had allegedly been present in New York to participate in negotiations relating to the MSA. *See also* PTI v. Philip Morris, Inc., 100 F. Supp. 2d at 1190 n.8 (rejecting argument that by signing the MSA each of the States party to the MSA created specific jurisdiction in California, and finding that jurisdiction in California would be unreasonable because, *inter alia*, "requiring the states to submit to California jurisdiction constitutes an extreme impingement on state sovereignty").

**B.     The Pleading must be dismissed for lack of subject matter jurisdiction under Federal Rule 12(b)(1).**

This court lacks subject matter jurisdiction over the allegations of the complaint, and the complaint must therefore be dismissed under Federal Rule 12(b)(1). The complaint alleges injury as a result of a breach of the terms of the MSA but, as noted, NAAG is not a party to the MSA and therefore has no contractual obligation to Plaintiffs thereunder.

As noted above, NAAG is not a party to the MSA and has no authority to enforce it. NAAG has a role only in "provid[ing] *coordination and facilitation* for the implementation and enforcement of this Agreement on behalf of the Attorneys General of the Settling States." MSA § VIII(a) (emphasis added). This role includes convening meetings, monitoring cases for potential conflicting interpretations of the Agreement, coordinating the Settling States' discovery rights so as to avoid repetitious and burdensome discovery, and maintaining an Enforcement Fund. MSA §§ VII(f),(g), VIII(a), (c). *See also* Declaration of Mark E. Greenwold at ¶ 5. None of those functions relates to the matters as to which Plaintiff seeks relief in this case – i.e., damages; a declaration that agreements between the Settling States and other Subsequent Participating Manufacturers are breaches of the MSA, that Bekenton is entitled to a revision of

8

the MSA, that Bekenton properly disputed the Independent Auditor's Final Statement, and that Bekenton owes a certain amount under the MSA; and enforcement of sections of the MSA.

The disputes that give rise to Plaintiff's claims are disputes between Plaintiff and the Settling States, not NAAG, because the MSA is an agreement between tobacco manufacturers and the Settling States, not NAAG.  Accordingly, even if this Court were to grant Plaintiff the declaration for which it prays against Defendant NAAG, that would not afford Plaintiff any of the relief it seeks, nor could any order issued against NAAG bind the Settling States.  There is no case or controversy between Plaintiff and NAAG, and the Court therefore lacks subject matter jurisdiction over Plaintiff's claims against NAAG.  *See* Anderson v. Charter Township of Ypsilanti, 266 F.3d 487, 498 (6th Cir. 2001) (holding that there was no case or controversy where plaintiff alleged state court denied him due process rights but defendant township was "not the proper defendant against whom this claim may be asserted" because plaintiff "does not claim that the Township was in any way at fault for the state trial court's delay, nor does he argue that the Township could remedy the alleged violation"); *see also* Mendez-Soto v. Rodriguez, 334 F. Supp. 2d 62, 66 -67 (D. P.R. 2004) ("First Circuit precedent supports the notion that the core question that Article III of the United States Constitution compels courts to ask is whether adjudication of an issue can grant meaningful relief.") (citations omitted).

**II.    IF THE PLEADING IS DEEMED TO BE A COMPLAINT IT MUST BE DISMISSED UNDER FEDERAL RULE 12(B)(4) BECAUSE OF INSUFFICIENCY OF PROCESS AND UNDER FEDERAL RULE 12 (B)(5) BECAUSE OF INSUFFICIENCY OF SERVICE OF PROCESS.**

**A.    The Complaint against NAAG and Mr. Carter must be dismissed because of insufficiency of service of process under Rule 12(b)(5).**

Plaintiffs bear the burden of establishing that proper service of process has been effectuated.  Sawtelle v. Farrell, 70 F.3d at 1387.  Federal Rule of Civil Procedure 4 requires that

process be served by delivering a copy of a summons and the complaint upon the defendant or pursuant to the law of the state in which the district court is located or in which service is effected. As is shown by the certificate of service, the only service attempted in this case was the mailing of a copy of the complaint. Service by mail is defective under Federal Rule of Civil Procedure 4 and Puerto Rico Rule of Civil Procedure 4.4. 32 L.P.R.A., App. III, R. 4.4. Nor has Plaintiff satisfied the provisions of service under Puerto Rico Rule of Civil Procedure 4.5. 32 L.P.R.A., App. III, R. 4.5. And although Plaintiff certifies to this Court that it served the Defendants by mail, neither Defendant has received a copy of the pleading from the Plaintiffs but rather learned of it through a defendant in the underlying lawsuit. Declaration of Mark E. Greenwold at ¶ 7. Even if service by mail were effectuated, such service is not effective service of a Complaint under the laws of the Commonwealth of Puerto Rico, the District of Columbia, or Indiana, or under the Federal Rules of Civil Procedure. Thus, the service of process is, on its face deficient and the pleading must be dismissed.

**B.     The Complaint against NAAG and Mr. Carter must be dismissed because of insufficiency of process under Rule 12(b)(4).**

Federal Rule of Civil Procedure 4 requires that process must include a summons. The burden of proof to establish proper service of process is upon plaintiffs, and dismissal for lack of personal jurisdiction is the remedy for lack of service of a summons. *See* Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 & n.2 (1st Cir. 1986). Federal Rule of Civil Procedure 4(a) requires that "the summons . . . be directed to defendant [and] shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default." NAAG has never been served with a summons in this case. *See* Docket Report of Civil Action No. 97-01910 (JAF), at https://ecf.prd.uscourts.gov/cgi-bin/login.pl?843708499045324-L_238_0-1 (last visited Aug. 3, 2005). Federal Rule of Civil

Procedure 4(h) states that corporation and associations can be served by "delivering a copy of the summons and of the complaint to an officer" or pursuant to the law of the state in which the district court is located. Puerto Rico Rule of Civil Procedure 4.4(e), in turn, likewise requires service upon an association by "delivering a copy of the summons and of the complaint to an officer . . . ." The Certificate mentions no summons, no such summons has been received by either Defendant, and, upon information and belief, no such summons has been obtained from the Clerk of any Court. Declaration of Mark E. Greenwold at ¶ 7. Thus, the service is deficient and the pleading must be dismissed.

**III.   IF THE PLEADING FILED IS DEEMED TO BE A MOTION IN THE CAPTIONED ACTION, IT MUST BE DENIED BECAUSE NEITHER DEFENDANT IS A PARTY IN THIS ACTION AND NEITHER DEFENDANT IS SUBJECT TO THE JURISDICTION OF THIS COURT.**

As noted above, neither NAAG nor Mr. Carter is a party in this action. Mr. Carter is allegedly sued as representative of a Class, the members of which are the Attorneys General of each of the 52 States or other jurisdictions that are parties to the Master Settlement Agreement. Of those 52 Attorneys General, only the Attorney General of the Commonwealth of Puerto Rico is a party to this action. As non-parties to this action, neither Defendant can be required to respond to a motion in this action.

## CONCLUSION

For the foregoing reasons, the Court should **GRANT** NAAG and Mr. Carter's motion to dismiss the Pleading and **GRANT** any further relief as the Court may deem proper, including, but not limited to, the costs incurred for the filing the present motion.

**RESPECTFULLY SUBMITTED** this August 3, 2005 in San Juan, Puerto Rico.

> **Law Offices Pedro E. Ortiz Álvarez**
> P.O. Box 9009, Ponce PR 00732-9009
> Tel 787-841-7575 / Fax 787-841-0000
> *Special Appearance as Counsel for the National Association of Attorneys General and its President, the Hon. Stephen Carter*
>
> S/  Gina Ismalia Gutiérrez-Gálang
> **Gina Ismalia Gutiérrez-Gálang**, #218513
> Email:  ismalia@poapr.com

     **I HEREBY CERTIFY** that on August 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Benjamin Acosta, Jr, Salvador Antonetti-Zequeira, Francisco A. Besosa, Heriberto J. Burgos-Perez, Edgardo Cartagena-Santiago, Jose A. Fuentes-Agostini, William A. Graffam, Manuel A. Guzman-Rodriguez, Paul H. Hulsey, Juan A. Ramos-Diaz, Hector Reichard-Jr., Vicente Santori-Coll, Francisco M. Troncoso, Richard Schell-Asad, Eric A. Tulla.**  Notice will be served by regular mail to the following non-registered attorneys:

Frederick C. Baker
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd. Suite 400
PO Box 1792
Mount Pleasant, SC 29465

Peter Bellacosa
Kirkland & Ellis
153 E. 53rd Street
New York, NY 10022

J. Anderson Berly
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd. Suite 400
PO Box 1792
Mount Pleasant, SC 29465

Vincent Chang
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Michael S. Chernis
Jones, Day, Reavis and Pogue
599 Lexington Ave.
New York, NY 10022

Mark G. Cunha
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017-3954

Douglas W. Davis
Hunton & Williams
Riverfront Plaza East Twr
951 East Byrd St.
Richmond, VA 23219-4074

Jerry Hudson Evans
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd. Suite 400
PO Box 1792
Mount Pleasant, SC 29465

Julie R. Fischer
Kasowitz, Benson, Torres & Friedman,LLP
1301 Avenue of the Americas
New York, NY 10019-6022

Andrew T. Frankel
Simpson, Thacher & Bartlett
425 Lexington Ave.
New York, NY 10017-3954

Demetra Frawley, Esq.
Simpson, Thacher & Bartlett
425 Lexington Ave.
New York, NY 10017-3954

Robert Gaffey
Jones, Day, Peavis & Pogue
599 Lexington Avenue
New York, NY 10002

Wm. Michael Gruenloh
Ness, Motley, Loadholt,

Richardson & Poole
28 Bridgeside Blvd. Suite 400
PO Box 1792
Mount Pleasant, SC 29465

Alan Kaufman
Jones, Day, Reavis and Pogue
599 Lexington Ave.
New York, NY 10022

Daniel Kolb
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Scott C. Linden
Thompson & Coburn
One Mercantile Center
St. Louis, MO 63101

Aaron H. Marks
Kasowitz, Benson, Torres & Friedman,LLP
1301 Avenue of the Americas
New York, NY 10019-6022

Jack E. McClard
Hunton & Williams
Riverfront Plaza East Twr
951 East Byrd St.
Richmond, VA 23219-4074

Robert F. McDermott, Jr
Jones, Day, Reavis & Pogue
Metropolitan Square
1450 G. Street, NW

Washington, DC 20005

Robert R. Merhige
Hunton & Williams
Riverfront Plaza East Twr
951 East Byrd St.
Richmond, VA 23219-4074

Kristi L. Midboe-Miller
Jones, Day, Reavis and Pogue
599 Lexington Ave.
New York, NY 10022

Charles J. Mikhail
Ness,Motely,Loadholt,
Richardson & Poole
151 Meeting St. Suite 600
PO Box 1137
Charleston, SC 29402

Adam E. Miller
Thompson & Coburn
One Mercantile Center
St. Louis, MO 63101

Michael B. Minton
Thompson & Coburn
One Mercantile Center
St. Louis, MO 63101

David M. Moss
Simpson, Thacher & Bartlett
425 Lexington Ave.
New York, NY 10017-3954

Ronald L. Motley
Ness, Motley, Loadholt,
Richardson & Poole
28 Bridgeside Blvd. Suite 400
PO Box 1792
Mount Pleasant, SC 29465

William Newbold
Thompson & Coburn
One Mercantile Center
St. Louis, MO 63101

Carl L. Rowley
Thompson & Coburn
One Mercantile Center
St. Louis, MO 63101

Marie V. Santacroce
Kasowitz, Benson, Torres & Friedman,LLP
1301 Avenue of the Americas
New York, NY 10019-6022

Kathleen L. Turland
Simpson, Thacher & Bartlett
425 Lexington Ave.
New York, NY 10017-3954

Lee E. Young
Ness,Motely,Loadholt,
Richardson & Poole
151 Meeting St. Suite 600
PO Box 1137
Charleston, SC 29402

S/ Gina Ismalia Gutiérrez-Gálang