**IN THE UNITED STATES DISTRICT COURT**
***FOR THE* DISTRICT OF PUERTO RICO**

**PEDRO ROSSELLÓ ET AL.,**
    *PLAINTIFFS*

VS.

**BROWN & WILLIAMSON ET AL.,**
    *DEFENDANTS*

Civil Case Number:
    **97-1910 (JAF)**

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY
OF MARK E. GREENWOLD**

I, Mark E. Greenwold, of legal age, Chief Counsel for Tobacco and Director of the Tobacco Project of the National Association of Attorneys General and a resident of Washington, DC, solemnly declare under penalty of perjury the following:

1. That my personal circumstances are those set forth above. I received a J.D. degree from the Harvard Law School in 1969. I have been a member of the District of Columbia Bar since 1973. Since July 2000 I have been employed as Chief Counsel for Tobacco and Director of the Tobacco Project of the National Association of Attorneys General ("NAAG").

2. NAAG is an unincorporated association with headquarters in Washington, D.C. The members of NAAG are the Attorneys General of all the States, the District of Columbia, the Commonwealth of Puerto Rico, and four U.S. territories. According to NAAG's Constitution, its purpose is "to provide a forum for the exchange of views and experiences on subject of importance of the chief legal officers of the states and other jurisdictions that are members of the Association; to foster interstate and state/federal cooperation on legal and law enforcement issues; to conduct policy research and analysis

of issues pertaining to law enforcement and the law; to improve the quality of legal services provided to the states and territories; and to facilitate communication between the states' chief legal officers and all levels of government."

3. NAAG maintains no office in Puerto Rico, owns no property in Puerto Rico, has never availed itself of the jurisdiction of the Puerto Rico courts, and transacts no business in Puerto Rico.

4. Stephen Carter, in his official capacity as president of NAAG, maintains no office in Puerto Rico, owns no property in Puerto Rico, has never availed himself of the jurisdiction of the Puerto Rico courts, and transacts no business in Puerto Rico.

5. NAAG is not a signatory to the tobacco Master Settlement Agreement ("MSA"). NAAG's role under the MSA is defined by the MSA itself. As provided in Section VIII of the MSA, NAAG, through its staff, provides "coordination and facilitation for the implementation and enforcement" of the MSA "on behalf of the Attorneys General of the Settling States," including assisting in coordinating inspection and discovery activities, convening meetings, informing other organizations of the results of meetings, supporting and coordinating the efforts of the Attorneys General in carrying out their responsibilities under the MSA, and establishing a fund to support enforcement of the Agreement.

6. Section VII of the MSA provides the means of enforcing the Agreement. Section VII accords enforcement rights only to States and other political jurisdictions (including the Commonwealth of Puerto Rico) that have signed the MSA. NAAG's role under Section VII is limited to monitoring potentially conflicting interpretations of the MSA by different courts (subsection (f)) and, as already mentioned, coordinating

inspection and discovery rights (subsection (g)). The power to enforce the MSA could not be, and has not been, delegated to NAAG.

7. Neither NAAG nor Stephen Carter was served in person or by mail with the pleading styled a "Complaint" or a summons in this case. I first learned about the pleading from a defendant in Civil Action No. 97-01910.

Pursuant to 28 USC section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this third day of August at Washington, D.C.

_____
**MARK E. GREENWOLD**
Chief Counsel for Tobacco and Director of the Tobacco Project
National Association of Attorneys General

3