IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| PEDRO ROSELLÓ, ET AL. | * | |
| | * | |
| Plaintiffs | * | Civil No.: 97-01910 (JAF) |
| | * | |
| vs. | * | |
| | * | |
| BROWN & WILLIAMSON TOBACCO COMPANY, ET AL. | * | |
| | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION TO STRIKE**

**TO THE HONORABLE COURT:**

**NOW COMES** Bekenton USA, Inc., through its undersigned attorneys, **TRONCOSO & SCHELL**, and very respectfully states, alleges and prays as follows:

On August 12, 2005, the National Association of Attorneys General ("NAAG") and its President, the Hon. Stephen A. Carter, filed a "Motion to Strike Plaintiff Bekenton's Pleading Styled 'Motion'", alleging that Bekenton's "Motion for Declaration and Enforcement of Certain Terms of the Master Agreement" (docket no. 252), violates this Honorable Court's Order of August 11, 2005 (docket no. 253).  In this respect, Bekenton agrees with this Honorable Court that the title of the original document filed (the "Complaint for Declaratory Relief, Enforcement, Construction and Breach of Master Settlement Agreement", docket no. 250), was not commensurate with the remedies sought herein.

Notwithstanding the title of the original document filed herein, it is clear from the content of "Motion for Declaration and Enforcement of Certain Terms of the Master Agreement", that the controversies alleged therein arise from the manner in which the terms of the Master Settlement Agreement ("MSA") have been interpreted and enforced by NAAG. As such, Bekenton is seeking from this Honorable Court a declaratory order as to the interpretation of the terms of the MSA and an order regarding the enforcement of its terms and conditions.

Bekenton emphasizes that under the terms of the MSA entered herein, this Honorable Court retained jurisdiction to enforce the provisions of the MSA and to issue any declaratory orders in relation to its terms and conditions. With regard to this Honorable Court's jurisdiction for the enforcement of its provisions, Section VII of the MSA in relevant sets forth as follows:

> (a) Jurisdiction. **Each Participating Manufacturer and each Settling State acknowledge that the Court:** (1) has jurisdiction over the subject matter of the action identified in Exhibit D in such Settling State and over each Participating Manufacturer; (2) **shall retain exclusive jurisdiction for the purposes of implementing and enforcing this Agreement** and the Consent Decree as to such Settling State; and (3) except as provided in subsections IX(d), XI(c) and XVII(d) and Exhibit O, **shall be the only court to which disputes under this Agreement or the Consent Decree** are presented as to such Settling State. (Emphasis added.)

    (b) Enforcement of Consent Decree: Except as expressly provided in the Consent Decree, **any Settling State or Released Party may apply to the Court to enforce the terms of the Consent Decree (or for a declaration construing any such term)** with respect to alleged violations within such Settling State. (Emphasis added.

    (c) Enforcement of this Agreement.

    (1) Except as provided in subsections IX(d), XI(c), XVII(d) and Exhibit O, **any Settling State or Participating Manufacturer may bring an action in the Court to enforce the terms of this Agreement (or for a declaration construing any such term ("Declaratory Order")** with respect to disputes, alleged violations or alleged breaches within such Settling State. (Emphasis added.)

See Pages 39 and 40 of the MSA.

As set forth in the MSA and in the Consent Decree and Final Judgment issued in relation thereto, this Honorable Court clearly retained jurisdiction to enforce the terms of provisions of the MSA and to issue any declaratory orders in relation to its terms and conditions. In this regard, as recognized by the Supreme Court of the United States in ***Kokkonen v. Guardian Life Insurance Co.***, 511 U.S. 375 (1994), this Honorable Court is empowered to retain jurisdiction to enforce the terms and conditions of a settlement agreement, as the parties stipulated in the MSA filed herein and as decreed by this Honorable Court through the Consent Decree and Final Judgment issued in relation thereto.

Further, NAAG and its President also argue that they are not

parties to the MSA, and that "neither [of them] . . . can be required to respond to a motion in this action." However, such a proposition is preposterous, and borders on a Fed.R.Civ.P. 11 violation.

As it more fully appears from definitions of the MSA "'NAAG' means the National Association of Attorneys General, or its successor organization that is directed by the Attorneys General to perform certain functions under this Agreement [MSA]". Under Section VIII of the MSA, NAGG is the entity entrusted with the enforcement and administration of any and all matters related to the MSA. Thus, NAAG is the real party in interest whenever a controversy arises related to the interpretation and enforcement of the terms and conditions of the MSA. If this Honorable Court were to adopt NAAG's proposition, a Participating Manufacturer would never be able to contest before the Court any matter related to the administration and enforcement of the MSA.

**WHEREFORE**, Bekenton USA, Inc., respectfully prays from this Honorable Court that it deny the "Motion to Strike Plaintiff Bekenton's Pleading Styled 'Motion'", filed by the National Association of Attorneys General ("NAAG") and its President, the Hon. Stephen A. Carter.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22nd day of August, 2005.

**I HEREBY CERTIFY** that on this same date I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys: Benjamín Acosta, Jr., Esq., Salvador Antonetti-Zequeira, Esq., Francisco A. Besosa, Esq., Heriberto J. Burgos, Esq., Edgardo Cargagena Santiago, Esq., José A. Fuentes-Agostini, Esq., William A. Graffam, Esq., Manuel A. Guzmán-Rodríguez, Esq., Paul H. Hulsey, Esq, Juan A. Ramos-Díaz, Esq., Héctor Reichard, Jr., Esq., vicente Santori-Coll, Esq., and Gina Ismalia Gutiérrez-Galang, Esq.

**s/** *Francisco M. Troncoso*
FRANCISCO M. TRONCOSO 120007
**s/** *Richard Schell-Asad*
RICHARD SCHELL-ASAD 203207
TRONCOSO & SCHELL
P.O. Box 9023352
San Juan, PR 00902-3352
Tel: (787) 722-0741
Fax: (787) 724-2563
e-mail:  ftroncoso@troncosolaw.com
         rschell@troncosolaw.com