**IN THE UNITED STATES DISTRICT COURT**
***FOR THE* DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **PEDRO ROSSELLÓ ET AL.,**<br>*PLAINTIFFS*<br><br>VS.<br><br>**BROWN & WILLIAMSON ET AL.,**<br>*DEFENDANTS* | Civil Case Number:<br>**97-1910 (JAF)** |

**REPLY IN SUPPORT OF MOTION TO STRIKE
BEKENTON'S PLEADING STYLED A MOTION**

**TO THE HONORABLE COURT:**

**COME NOW** THE NATIONAL ASSOCIATION OF ATTORNEYS GENERAL AND ITS PRESIDENT, THE HON. STEPHEN A. CARTER, by special appearance through the undersigned counsel, and without submitting to the jurisdiction of this Court, hereby submit this reply memorandum in support of their Motion to Strike the Pleading Styled a "Motion" by Plaintiff Bekenton and respectfully state and pray:

Plaintiff emphasizes that this Court has continuing jurisdiction to enforce the MSA or the Consent Decree and to issue declaratory orders relating thereto. That is a correct statement, but it says nothing about whether NAAG and Stephen Carter are parties to the underlying agreement or are subject to the jurisdiction of this Court. Indeed, Plaintiff does not appear to dispute that NAAG and Stephen Carter (in his capacity as President of NAAG) are not parties to the Master Settlement Agreement ("MSA"), as indeed they are not. See Defendants' Motion to Dismiss the Pleading Styled a "Complaint" (Docket # 249), which was granted by this Court on August 11, 2005 (Docket # 253).

Moreover, even if NAAG and Attorney General Carter were parties to the MSA – which they are not – the Court was correct in striking Plaintiff's "Complaint" because NAAG and its President are not subject to the Court's continuing jurisdiction under Section VII of the MSA. Revealingly, Plaintiff quotes from several portions of Section VII of the MSA in support of its

position, but in each instance places emphasis on language other than the words that make it clear that the Court's jurisdiction is limited to the parties before it in the settled litigation. See, e.g., § VII(a) ("as to such Settling State"). Thus, for example, the Court lacks jurisdiction over disputes involving Settling States other than Puerto Rico, even though all of those Settling States are parties to the MSA, because those States were not parties to the litigation in Civil Action 97-1910 in this Court. Neither was NAAG or its President.

In an effort to cure these fatal defects in its pleadings, Plaintiff argues that "the controversies alleged herein arise from the manner in which terms of the [MSA] have been interpreted and enforced by NAAG"; and that NAAG is "the real party in interest whenever a controversy arises related to the interpretation and enforcement of the terms and conditions of the MSA" because it is "the entity entrusted with the enforcement and administration of any and all matters related to the MSA." Opposition to Motion to Strike at 2, 4 (Docket # 255). These assertions, even if true, would be insufficient to overcome the jurisdictional limitation created by the fact that NAAG and its President are not parties to the litigation in which Plaintiff has filed its motion, but in any event they are contradicted on the face of the Agreement.

Thus, NAAG is described in Section II(bb) of the MSA as the organization "that is directed by the Attorneys General to perform certain functions under this Agreement." NAAG's continuing functions include only the coordinating and supporting functions described in Sections VII and VIII.[1] Nothing in the MSA grants NAAG the power to either interpret or enforce the MSA. Indeed, the MSA explicitly states that only the Settling States have authority to enforce the MSA. MSA § VII(c); see also MSA § XVIII(p) ("No portion of this Agreement

---

[1] NAAG was also assigned responsibilities with respect to the formation of a "National Foundation" (§ VI) and establishment of websites for public access to tobacco company documents (§ IV) that were discharged soon after the MSA went into effect.

2

shall provide any rights to, or be enforceable by, any person or entity that is not a Settling State. ...").[2] Section VII, "Enforcement," mentions NAAG twice, directing NAAG to "monitor potential conflicting interpretation by courts" of the MSA and to coordinate the Settling States' inspection and discovery rights so as to avoid repetitive and excessive inspection and discovery. MSA §§ VII(f), (g). None of those functions constitutes enforcement. Further, NAAG has never been authorized by the Settling States to enforce the MSA. (Declaration of Mark E. Greenwold at ¶ 6, attached at Tab C of Defendants' Motion to Dismiss the Pleading Styled a "Complaint." (Docket # 249)). As another court has found in denying personal jurisdiction over NAAG, **the Association "does not serve as an independent force to police the agreement."** PTI v. Philip Morris, Inc., 100 F. Supp. 2d 1179, 1190 (C.D. Cal. 2000). Finally, there continues to be no personal jurisdiction over NAAG or Stephen Carter, as stated in Defendants' Motion to Dismiss the Pleading Styled a "Complaint" (Docket # 249), which was granted by this Court on August 11, 2005 (Docket # 253).

The Motion for Declaration and Enforcement by Plaintiff Bekenton, by not being filed as a new case as directed by this Court's Order of August 4, 2005 (Docket # 250), is not in compliance with that order and should be struck.

**WHEREFORE,** the specially appearing parties move this Honorable Court to **GRANT the MOTION TO STRIKE BEKENTON'S PLEADING STYLED A MOTION (DOCKET # 254)** for the reasons stated in all related moving papers.

**RESPECTFULLY SUBMITTED** this August 29, 2005 in San Juan, Puerto Rico.

    **Law Offices Pedro E. Ortiz Álvarez**
    P.O. Box 9009, Ponce PR 00732-9009

---

[2] The MSA was attached at Tab B of NAAG's Motion to Dismiss the Pleading Styled a "Complaint." (Docket # 249).

Tel 787-841-7575 / Fax 787-841-0000
*Special Appearance as Counsel for the National Association of Attorneys General and its President, the Hon. Stephen Carter*

S/  Gina Ismalia Gutiérrez-Gálang
**Gina Ismalia Gutiérrez-Gálang**, #218513
Email:  ismalia@poapr.com

**I HEREBY CERTIFY** that on August 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Benjamin Acosta, Jr, Salvador Antonetti-Zequeira, Francisco A. Besosa, Heriberto J. Burgos-Perez, Edgardo Cartagena-Santiago, Jose A. Fuentes-Agostini, William A. Graffam, Manuel A. Guzman-Rodriguez, Paul H. Hulsey, Juan A. Ramos-Diaz, Hector Reichard-Jr., Vicente Santori-Coll, Francisco M. Troncoso, Richard Schell-Asad and Eric A. Tulla.**

S/  Gina Ismalia Gutiérrez-Gálang