|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| PEDRO ROSSELLÓ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BROWN & WILLIAMSON TOBACCO COMPANY, et al.,<br><br>    Defendants. | Civil No. 97-1910(JAF) |

**O R D E R**

Movant, Bekenton USA ("Bekenton"), moves for declaratory relief and other forms of redress for the alleged breach of a settlement agreement (the "Master Settlement Agreement" or "MSA") reached between the parties to this dispute on November 23, 1998. <u>Docket Document Nos. 236, 252</u>. Bekenton identifies the intended respondents to its motion as the National Association of Attorney Generals "NAAG" and the Hon. Steve Carter ("Carter"), in his alleged capacity as President and class representative for the party composed of all members of the settling states, which includes Puerto Rico. <u>Docket Document No. 252</u>. Carter and NAAG move to strike Bekenton's motion, arguing that: (1) Bekenton's motion is in contravention of our August 4, 2005 order directing Bekenton to file a new case, and (2) neither Carter nor NAAG are parties to the present dispute, and

Civil No. 97-1910 (JAF)                                                    -2-

so there is no jurisdictional basis for the appearance as respondents to Bekenton's motion. Docket Document No. 254.

Upon careful review of the relevant filings, we now recognize that because the MSA stipulated that this court retains jurisdiction over "disputes, alleged violations, or alleged breaches within such Settling State," Docket Document No. 252, Exh. A, p. 48, Bekenton need not initiate an entirely new action, but may instead proceed within the confines of the present action to seek redress for any MSA-related violations occurring within Puerto Rico.

Nonetheless, we find that Bekenton's motion succumbs to Carter and NAAG's objection that they may not be called as respondents because they are not parties to this dispute or even to the MSA. Docket Document Nos. 249, 256. As Carter and NAAG have noted, the MSA explicitly limits enforcement power and responsibility to the Settling States, which do not include Carter or NAAG. MSA § VII(c);(p). Furthermore, this court lacks personal jurisdiction over Carter and NAAG under Federal Rule of Civil Procedure 12(b)(2).

Finally, we note that Bekenton's future ability to seek enforcement of the MSA is limited by MSA's stipulation that this court "shall retain exclusive jurisdiction for the purpose of implementing and enforcing this Agreement and the Consent Decree as to" Puerto Rico only. MSA § VII(a). To the extent that Bekenton seeks declaratory relief regarding MSA violations in Puerto Rico, it

Civil No. 97-1910 (JAF)                                                          -3-

may proceed against the Puerto Rico Attorney General before this court; however, it may not call NAAG or Carter as respondents here so as to obtain relief for injuries that occurred elsewhere.

Bekenton's motion to enforce judgment is denied. <u>Docket Document No. 252</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 23rd day of January, 2006.

                                                  S/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  Chief U. S. District Judge