# EXHIBIT 5

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

**Robert J. Brookhiser**
Partner
T 202.383.6598
F 202.383.6610
brookhiserb@howrey.com

September 22, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Roberto J. Sanchez-Ramos
Office of the Attorney General
GPO Box 902192
San Juan, PR 00902-0192
USA

Dear Attorney General Sanchez-Ramos:

    The Subsequent Participating Manufacturers Commonwealth Brands, Inc., Compania Industrial de Tabacos Monte Paz, S.A., Daughters & Ryan, Inc., Farmers Tobacco Company of Cynthiana, Inc., House of Prince A/S, Japan Tobacco International U.S.A., Inc., King Maker Marketing, Inc., Kretek International, Inc., Liberty Brands, LLC, Liggett Group LLC, Peter Stokkebye Tobaksfabrik A/S, P.T. Djarum, Santa Fe Natural Tobacco Company, Inc., Sherman 1400 Broadway N.Y.C., Inc., Top Tobacco, L.P., Vibo Corporation d/b/a General Tobacco, Virginia Carolina Corporation, Inc., and Von Eicken Group (collectively, "Certain SPMs") have previously provided notice to the Settling States and the National Association of Attorneys General ("NAAG") that they intend to initiate a binding nationwide arbitration pursuant to Section XI(c) of the Master Settlement Agreement ("MSA") to resolve disputes relating to the Independent Auditor's determination not to apply an offset to Certain SPMs' April 17, 2006 payment in the amount of the 2003 Non-Participating Manufacturer ("NPM") Adjustment, including any claim by one or more of the Settling States that they are not subject to the NPM Adjustment because they diligently enforced a Qualifying Statute during the entire calendar year of 2003. Various of the Settling States objected and instead have initiated proceedings relating to that dispute in their respective MSA courts.

    Courts in states that have considered these declaratory judgment filings have held that the dispute over the 2003 NPM Adjustment, including the issue of diligent enforcement, is subject to a binding nationwide arbitration under Section XI(c) of the MSA.[1] These Courts have explained

---

[1] *See In Re Tobacco Cases*, No. JCCP 4041, at 2 (Cal. Super. Ct. Aug. 23, 3006); *Colorado v. R.J. Reynolds Tobacco Co.*, No. 97CV3432 (Denver Dist. Ct. July 19, 2006); *Connecticut v. Philip Morris Inc.*, No. X02CV960148414S, 2005 WL 2081763, at *35 (Conn. Super. Ct. Aug. 3, 2005), *aff'd* (Conn. Sept. 12, 2006) (*Connecticut II*); *Hawaii v. Philip Morris USA*, No. 06-1-0695, at 6-7 (Hawaii First Cir. Ct. Aug. 3, 2006); *Idaho v. Philip Morris, Inc.*, No. CV OC 97 03239D, at 5 (Idaho Dist. Ct. June 30, 2006), *reconsideration denied* (Idaho Dist. Ct. July 28, 2006) (*Idaho II*); *Illinois v. Philip Morris, Inc.*, No. 96 L 13146, at 4-5 (Cook County Cir. Ct. Aug. 8, 2006); *Iowa V. Philip Morris USA Inc.*, No. CL71048, at 4 (Polk County Dist. Ct. Aug. 16, 2006); *Kentucky v.*

that the MSA requires that this dispute be submitted to and determined by a single nationwide arbitration binding on all Settling States.

Given that your state did not initiate a declaratory judgment proceeding relating to the 2003 NPM Adjustment and objecting to the SPMs' arbitration demand, we assume that it will not object to the required arbitration and will participate in its initiation (including the formation of the arbitration panel). If that assumption is incorrect, please notify us in writing by September 29, 2006.

Finally, the SPMs reiterate their desire to reach an amicable resolution of this matter. We remain willing to discuss this matter with the Settling States at any time in an effort to resolve it.

Sincerely,

Robert J. Brookhiser

cc:   Attorneys General of All MSA Settling States
      Mark Greenwold, National Association of the Attorney General
      All MSA Notice Parties

---

*Brown & Williamson Tobacco Corp.*, 98-CI-01579, at 2 (Ky. Cir. Ct. June 13, 2006); *Massachusetts v. Philip Morris Inc.*, No. 95-7378-J, at 6 (Mass. Super. Ct. June 20, 2006); *Nebraska v. R.J. Reynolds Tobacco Co.*, No. CI 06-1656 (Neb. Dist. Ct. Aug. 28, 2006); *Nevada v. Philip Morris USA*, No. CV06-929, at 2 (Washoe County Dist. Ct. Aug. 4, 2006); *New Hampshire v. Philip Morris USA*, No. 06-E-132, at 5 (N.H. Super Ct. June 6, 2006), *reconsideration denied* (N.H. Super. Ct. July 17, 2006) (*New Hampshire II*); *New York v. Philip Morris Inc.*, 813 N.Y.S.2d 71, 76 (N.Y. App. Div. 2006); *Oregon v. Philip Morris USA*, No. 0604-04252 (Ore. Cir. Ct. Aug. 30, 2006); *Vermont v. Philip Morris, Inc.*, No. S 0463-06-CnC, at 5-6 (Vt. Super. Ct. July 14, 2006); *Virginia v. Brown & Williamson Tobacco Corp.*, No. HJ-2241, at 7 (Richmond Cir. Ct. Aug 9, 2006). In addition, on September 12, 2006, the MSA court in South Dakota granted the OPMs' motion to compel from the bench, with a written decision to follow, in *South Dakota v. Philip Morris USA Inc.*, No. 06-161 (S.D. Cir. Ct).