# EXHIBIT 6

Case 3:97-cv-01910-JAF   Document 268-7   Filed 10/31/2006   Page 1 of 3



COMMOMWEALTH OF PUERTO RICO

# JUSTICE DEPARTMENT

**ROBERTO J. SÁNCHEZ RAMOS**
**ATTORNEY GENERAL**

September 29th, 2006

*VIA U.S. CERTIFIED MAIL*

Amy W. Schulman, Esq.
Counsel for Philip Morris USA, Inc.
DLA Piper
1251 Avenue of the Americas
New York, New York 10020

Stephen Patton, Esq.
Counsel for R.J. Reynolds Tobacco Co.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Penny Reid, Esq.
Counsel for Lorillard Tobacco Co.
Weil Gotshal & Manges
767 Fifth Avenue
New York, New York 10153

     RE: Response to Letter dated September 13th, 2006.

Dear Ms. Schulman, Mr. Patton and Ms. Reid:

     This will respond to the Original Participating Manufacturers' September 13, 2006 letter advising that the OPMs intend to initiate an arbitration proceeding purportedly pursuant to Section XI(c) of the Master Settlement Agreement pertaining, *inter alia*, to "any claim by one or more of the Settling States that they are not subject to the [2003] NPM Adjustment because they diligently enforced a Qualifying Statute during the entire calendar year 2003." The letter further asks whether

Amy W. Schulman, Esq.
Stephen Patton, Esq.
Penny Reid, Esq.
September 27th, 2006
Page 2 of 2

the Commonwealth of Puerto Rico will participate in the "initiation" of this arbitration proceeding, including formation of the arbitration panel, or whether the Commonwealth of Puerto Rico objects to such arbitration.

At the outset, please note that the MSA does not permit the OPMs to unilaterally impose deadlines upon the Commonwealth of Puerto Rico in which to respond to correspondence and it is inappropriate for you to do so.

The Commonwealth of Puerto Rico maintains that it diligently enforced its Qualifying Statute during 2003. It is unclear whether the OPMs dispute if the Commonwealth of Puerto Rico enforced its Qualifying Statute during 2003. Assuming they do, however, such dispute would not be arbitrable under Section XI(c) of the MSA in our view. Furthermore, the Commonwealth of Puerto Rico would not agree to submit such dispute to arbitration and would oppose any effort to compel arbitration of the dispute based on our belief that this is not an issue subject to arbitration.

The Commonwealth of Puerto Rico wants to make clear that we do not agree with your interpretation of the MSA concerning nationwide arbitration over the dispute or assumed dispute at hand. While other courts may have ruled on the issue of nationwide arbitration under the MSA, the Commonwealth of Puerto Rico is not bound by those rulings. We reserve all rights to assert so and will do so as the Commonwealth of Puerto Rico deems appropriate in accordance with a time line we deem applicable and beneficial to the citizens of the Commonwealth of Puerto Rico.

Nevertheless, like the OPMs, the Commonwealth of Puerto Rico is willing to discuss the foregoing (assumed) dispute in an effort to resolve it amicably.

Best Regards,

Roberto Sánchez-Ramos
Attorney General

c: Mark Greenwold, National Association of Attorneys General