# EXHIBIT 10

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
---

THE STATE OF NEW YORK and ELIOT SPITZER,
Attorney General of the State of New York, for and on
Behalf of the PEOPLE OF THE STATE OF NEW YORK,

        Plaintiffs-Respondents,        New York County

-against-        Index No. 400361/97

PHILIP MORRIS INCORPORATED,
(Caption Continued on Inside Cover)

---

**BRIEF OF AMICI CURIAE SETTLING STATES ALABAMA, ALASKA, ARIZONA, ARKANSAS, CALIFORNIA, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, GEORGIA, HAWAII, IDAHO, ILLINOIS, INDIANA, IOWA, KANSAS, KENTUCKY, LOUISIANA, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MISSOURI, MONTANA, NEBRASKA, NEVADA, NEW HAMPSHIRE, NEW MEXICO, NORTH CAROLINA, NORTH DAKOTA, NORTHERN MARIANA ISLANDS, OHIO, OKLAHOMA, OREGON, PENNSYLVANIA, RHODE ISLAND, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, UTAH, VERMONT, VIRGIN ISLANDS, WASHINGTON, WEST VIRGINIA, WISCONSIN, AND WYOMING IN SUPPORT OF THE STATE OF NEW YORK**

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    EDWARD E. SCHWAB
    Deputy Attorney General
    Appellate Division

    BENNETT RUSHKOFF (admitted in New York)
    Chief, Consumer and Trade Protection Section
    Office of the Attorney General for the District of Columbia
    441 4th Street, N.W., Suite 450-N
    Washington, DC 20001
    (202) 727-3500

    Attorneys for *Amici* States

Reproduced on Recycled Paper

PHILIP MORRIS COMPANIES, INC., RJR NABISCO, INC., RJR NABISCO HOLDINGS CORP., R.J. REYNOLDS TOBACCO CO., THE AMERICAN TOBACCO CO., INC., AMERICAN BRANDS, INC., BROWN & WILLIAMSON TOBACCO CORP., LORILLARD TOBACCO COMPANY, LORILLARD INCORPORATED, LOEWS CORPORATION, UNITED STATES TOBACCO COMPANY, UST, INC., B.A.T. INDUSTRIES, P.L.C., BRITISH AMERICAN TOBACCO COMPANY, LTD., BATUS HOLDINGS, INC., THE COUNCIL FOR TOBACCO RESEARCH U.S.A., INC., and TOBACCO INSTITUTE, INC.,

    Defendants,

COMMONWEALTH BRANDS, INC., KING MAKER MARKETING, INC., and SHERMAN 1400 BROADWAY N.Y.C., INC.,

    Movants-Appellants.

## PRELIMINARY STATEMENT

Commonwealth Brands, Inc., King Maker Marketing, Inc., and Sherman 1400 Broadway N.Y.C. Inc. (collectively "Movants-Appellants"), appeal from an order of the Supreme Court, New York County (Ramos, J.), dated March 17, 2005, that denied their motion to compel the Plaintiff-Respondent State of New York to participate in arbitration proceedings under the tobacco Master Settlement Agreement to which New York is a party. R. 10. Justice Ramos correctly denied the Movants-Appellants' motion and that ruling should be affirmed.

The Movants-Appellants' ultimate goal in this case is to remove from court jurisdiction the oversight of fundamental terms and conditions of the States' historic tobacco Master Settlement Agreement ("MSA"). Movants-Appellants' end game is to have this duty and authority bestowed upon certain yet-to-be named arbitrators. The Movants-Appellants' efforts at circumscribing judicial oversight of the MSA are not sustainable.

The 1998 MSA is a "landmark" public health agreement, Lorillard Tobacco Corp. v. Reilly, 533 U.S. 525, 533 (2001), that addresses "one of the most troubling public health problems facing the Nation today." Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 125 (2000). The MSA settled the claims of 46 States (including New York) and six other governmental

1

have not been met: (1) there has been no finding by an economic consulting firm that the disadvantages resulting from the MSA were a "significant factor" in the tobacco companies' loss of market share (*see* R. 122-123); and (2) there has been no finding that New York or any other Settling State has failed to "diligently enforce" statutes that require certain "Non-Participating Manufacturers" or "NPMs"[2] to make escrow deposits essentially equal to the payments that the Participating Manufacturers must make under the terms of the MSA (*see* R. 124-125). Absent the satisfaction of these two conditions, the determination of which are both non-arbitrable, there is no Non-Participating Manufacturer Adjustment for the Independent Auditor to calculate or determine. The Independent Auditor's refusal to exercise authority it does not have is not arbitrable.

Thus, the Movants-Appellants' reliance upon an MSA provision that allows for arbitration of disputes arising out of or relating to calculations or determinations of the MSA's Independent Auditor is simply misplaced. In calculating the obligations due April 15, 2004, the Independent Auditor correctly read the MSA as requiring that under the circumstances "no possible NPM adjustment is allocated to [the signatory tobacco manufacturers]" and hence that

---

[2] The MSA refers to tobacco product manufacturers that are not members of the MSA as "Non-Participating Manufacturers."

3

without authority under the MSA to apply the NPM Adjustment. The States have consistently maintained that the determination of diligent enforcement is not something entrusted to the Independent Auditor to calculate or determine. Thus, the MSA's arbitration clause cannot be invoked here.

Illustrative of the States' statements to the Independent Auditor is the following answer by the National Association of Attorneys General (NAAG) on behalf of the States to a question posed by the Independent Auditor:

> 14. Do you believe that the Independent Auditor should play any role in this determination [of diligent enforcement], including verifying any representation made by the Settling States? If so, what role?

---

143 Ohio St. 71, 84, 54 N.E.2d 132 (Ohio 1994); Jensen v. City and County of Denver, 806 P. 2d 381, 386 (Colo. 1991). This presumption extends to a public officer's diligence in performing his or her duties like enforcing the laws. *See, e.g.,* Connecticut Fund for the Environment v. Contract Plating Company, Inc., 631 F. Supp. 1291, 1293 (D.Conn. 1986) ("The court must presume the diligence of the state's prosecution of a defendant absent persuasive evidence that the state has engaged in a pattern of conduct in its prosecution of the defendant that could be considered dilatory, collusive or otherwise in bad faith."); Community of Cambridge Environmental Health and Community Development Group v. City of Cambridge, 115 F. Supp. 2d 550, 554 (D. Md. 2000), *quoting* Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 890 F. Supp. 470, 487 (D.S.C. 1995) (holding that burden of proving non-diligent prosecution under the Clean Water Act "is a heavy one because diligence on the part of the enforcement agency is presumed"). Accordingly, a party challenging enforcement of a statute in court, including a Settling State's Model Statute, would be required to present substantial and credible evidence to overcome the presumption of faithful performance.

14

Finally, the tobacco companies effectively admit that the petition to compel arbitration here is a stalking horse for submitting to arbitration the issue of whether New York or any other Settling State has diligently enforced its Model Statute. For example, the SPMs asserted below that the MSA provides that the issue of "diligent enforcement" must be decided first by the Independent Auditor. Disputes regarding that determination -- like disputes concerning all other payment-related determinations -- would then be resolved by the arbitration panel. R. 735 n. 6.[7].

This assertion distorts the MSA's arbitration provision beyond recognition. Whether any State is diligently enforcing its Model Statute is quintessentially a legal question to be decided under the law of that State and by the MSA Court of that State. The SPMs, however, argue that the parties agreed in the MSA that the Independent Auditor -- an accounting firm -- must take the role of an MSA Court and first determine, based upon applicable law and available evidence, whether a Settling State has diligently enforced its Model Statute so that, to ensure consistency, any dispute over this "payment-related determination" could then be

---

[7] The OPMs disagreed with the SPMs on this issue, but then made an even more extreme assertion. In particular, the OPMs asserted that the issue of "diligent enforcement" should not be decided by the Independent Auditor, but instead should be decided in the first instance by the arbitration panel. R. 743. Thus, according to the OPMs, the arbitration panel is supposed to review a determination that the Independent Auditor never made by considering evidence never presented to the Independent Auditor.

18

resolved by a single arbitral panel. <u>Nothing</u> in the MSA supports this fantastic interpretation of the MSA.

## CONCLUSION

For the reasons stated above, and for the reasons stated in the brief submitted by the State of New York, the *Amici* States respectfully request that this Court affirm the trial court's dismissal of the Movants-Appellants' petition to compel arbitration.

Dated: Washington, D.C.
September 7, 2005

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>EDWARD E. SCHWAB
>Deputy Attorney General
>Appellate Division
>
>_____
>BENNETT RUSHKOFF (admitted in New York)
>Chief, Consumer and Trade Protection Section
>Office of the Attorney General for the
> District of Columbia
>441 4th Street, N.W., Suite 450-N
>Washington, DC 20001
>(202) 727-3500
>
>Attorneys for *Amici* States

20