# EXHIBIT 12

To be argued by:
DAVID NOCENTI

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
―――――――――――――――――――――――――――――――

THE STATE OF NEW YORK and ELIOT SPITZER,
Attorney General of the State of New
York, for and on Behalf of the PEOPLE
OF THE STATE OF NEW YORK,

      Plaintiffs-Respondents,

    -against-

PHILIP MORRIS INCORPORATED, PHILIP MORRIS
COMPANIES, INC., RJR NABISCO, INC., RJR
NABISCO HOLDINGS CORP., R.J. REYNOLDS
TOBACCO CO., THE AMERICAN TOBACCO CO.,
INC., AMERICAN BRANDS, INC., BROWN &
WILLIAMSON TOBACCO CORP., LORILLARD
TOBACCO COMPANY, LORILLARD INCORPORATED,
LOEWS CORPORATION, UNITED STATES TOBACCO
COMPANY, UST, INC., B.A.T. INDUSTRIES,
P.L.C., BRITISH AMERICAN TOBACCO COMPANY,
LTD., BATUS HOLDINGS, INC., THE COUNCIL
FOR TOBACCO RESEARCH U.S.A., INC., and
TOBACCO INSTITUTE, INC.,

      Defendants,

COMMONWEALTH BRANDS, INC., KING MAKER
MARKETING, INC., and SHERMAN 1400
BROADWAY N.Y.C., INC.,

      Movants-Appellants.
―――――――――――――――――――――――――――――――

New York County
Index No. 400361/97

**BRIEF FOR PLAINTIFFS-RESPONDENTS**

CAITLIN J. HALLIGAN
Solicitor General

DANIEL SMIRLOCK
Deputy Solicitor General

DAVID NOCENTI
Counsel to the Attorney General

RICHARD DEARING
Assistant Solicitor General

    of Counsel

ELIOT SPITZER
  Attorney General of the
  State of New York
Attorney for Plaintiffs-
Respondents
120 Broadway, 25th Floor
New York, New York 10271
(212) 416-8095

September 7, 2005

Reproduced on Recycled Paper

shipment volume than in 1997; (2) whether disadvantages imposed by the MSA were a "significant factor" contributing to the PMs' Market Share Loss; and (3) as to each Settling State, whether that State has diligently enforced its Model Statute. See 15-17, supra.

Two of these three subsidiary determinations are outside the scope of the Independent Auditor's authority, and thus outside the scope of any potential arbitration: (1) only the Firm has the authority to make the "significant factor" determination (R. 122-123 [MSA § IX(d)(1)(C)]), and (2) only a State's MSA trial court can decide the "diligent enforcement" issue as to that State, see 40-50, infra. Because neither of these determinations has yet been made by the appropriate body, there can be no arbitration on the applicability of the NPM Adjustment at this time.[14]

---

[14] The Independent Auditor did, acting within the scope of its authority, (1) determine that the PMs had suffered a Market Share Loss of 6.19%, (2) determine that the relevant PMs shipped fewer cigarettes in 2003 than in 1997, and (3) calculate the maximum potential NPM Adjustment that could apply if the "significant factor" and "diligent enforcement" issues were resolved in the PMs' favor. Those three specific determinations would be proper subjects for arbitration, but no party has yet disputed, or sought arbitration on, those issues.

34

## CONCLUSION

For the foregoing reasons, the order of Supreme Court, New York County, denying the Appellants' motion to compel arbitration should be affirmed.

Dated: New York, New York
September 7, 2005

Respectfully submitted,

ELIOT SPITZER
 Attorney General of the
 State of New York
Attorney for Plaintiffs-
Respondents

By: _____
DAVID NOCENTI
Counsel to the Attorney General

Office of the Attorney General
120 Broadway, 25th Floor
New York, NY 10271
(212) 416-8095

CAITLIN J. HALLIGAN
Solicitor General

DANIEL SMIRLOCK
Deputy Solicitor General

DAVID NOCENTI
Counsel to the Attorney General

RICHARD DEARING
Assistant Solicitor General

 of Counsel

Reproduced on Recycled Paper