EXHIBIT 2

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17TH DIVISION

FILED
2006 NOV 29 AM 10:09
PAT O'BRIEN
CIRCUIT-COUNTY CLERK

STATE OF ARKANSAS                                           PLAINTIFF

VS.                        NO. IJ1997-2982

THE AMERICAN TOBACCO CO., INC.,
ET AL.                                                      DEFENDANTS

ORDER

Now on this 21st day of November, 2006, comes on to be heard the Motion of the Plaintiff for Declaratory Order, Defendant Original Participating Manufacturer's Motion to Compel Arbitration, Subsequent Participating Manufacturer's Joinder in Motion to Compel Arbitration, and the court, after having reviewed the pleadings herein and heard the arguments of counsel, finds as follows:

1. The State of Arkansas seeks a finding that it has diligently enforced Act 1165 of 1999 during calender year 2003. The State argues the sole question of diligence is not subject to the Master Settlement Agreement (MSA) arbitration clause. MSA § XI (c).

2. Defendants filed a Motion to Compel Arbitration on the issue of the independent Auditor's determination not to apply an NPM (Non-Participating Manufacturer) downward adjustment to the OPM's (Original Participating Manufacturer's) annual MSA payment for April, 2006. Defendants argue the decision of the independent Auditor to deprive them of the downward adjustment in their payment falls squarely withing the arbitration clause of § XI (c) of the MSA.

3. The Master Settlement Agreement, §XI (c) provides in pertinent part "[a]ny dispute, controversy or claim arising out of or relating to calculations performed by, or any determinations made by, the independent Auditor (including, without limitation, any dispute concerning the

11/29/2006 WED 11:26 [TX/RX NO 7989] @005

operation or application of any of the adjustments, reduction, offsets, carry-forward and allocations described in subsection IX(j) or subsection XI(I)) shall be submitted to binding arbitration..."

4. Subsection IX(j) of the MSA deals with the "Order of Application of Allocations, Offsets, Reductions and Adjustments" and generally sets forth the calculations of payments due under the agreement. Pursuant to paragraph "Sixth" of Subsection IX(j), "[t]he NPM Adjustment shall be applied to the results of clause "Fifth" pursuant to subsection IX(d)(1) and (d)(2)". Subsection (d)(1) and (d)(2) describe the calculations of the NPM Adjustment for OPMs and the allocation among the states of the NPM Adjustment for OPMs. Subsection (d)(2) provides for the non-applicability of the NPM Adjustment to states that "diligently" enforce a qualifying statute, and for the reallocation of that amount among other states which are then eligible for an NPM Adjustment.

5. The MSA should be interpreted under general rules of contract construction calling for terms to be construed using their plain, ordinary and common meaning unless it appears from the terms of the contract itself that a different meaning is intended. Citations omitted.

6. The dispute at issue clearly falls within the provisions of the arbitration clause of the MSA. The failure of the independent Auditor to apply the NPM Adjustment because the State of Arkansas had in effect a qualifying statute is clearly one of the MSA §XI(c) disputes, controversies or claims relating to calculations performed by or determinations made by the independent Auditor that is subject to arbitration.

7. Although other states' decisions on this issue are not binding on this court, it cannot be ignored that 22 of 23 states have ruled in favor of arbitration. The decisions of these other 22 states are very persuasive and the reasoning appears substantially similar in all of the opinions

11/29/2006  10:51  3405657  SIXTH DIV CH  PAGE 05

provided this court. The weight of these other decisions is too great to ignore.

8. Uniformity of results would be enhanced with one panel of arbitrators making a decision versus 50 or more state courts making potentially diverse decisions. This issue is not one reserved to the various states. Arbitration is favored under these circumstances and is required by the express terms of the MSA.

9. For the reasons stated above, the State's Motion for Declaratory Order is hereby denied and this matter is stayed pending arbitration. The Defendant's Motion to Compel Arbitration is granted.

IT IS SO ORDERED.

_____
Mackie M. Pierce, Circuit Judge

Date: 11-29-06