IN THE DISTRICT COURT OF CLEVELAND COUNTY

STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }

**FILED** In The
Office of the Court Clerk

**JAN 3 0 2007**

DOCKET_____PAGE_____RECORDED
Rhonda Hall, Court Clerk
_____ DEPUTY

| | |
|---|---|
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Case No. CJ-96-1499 |
| ) | |
| R.J. REYNOLDS TOBACCO CO., ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

## _ORDER AND OPINION ON_
## _ORIGINAL PARTICIPATING MANUFACTURER'S APPLICATION AND_
## _MOTION TO ENFORCE THE ARBITRATION PROVISIONS OF THE_
## _MASTER SETTLEMENT AGREEMENT_

The above and entitled case was argued to this Court on January the eighth, 2007, following joinder of the subsequent participating manufacturers (SPMs) on the original participating manufacturers(OPMs) application and motion to enforce and compel the arbitration provisions of the Master settlement agreement. Pleadings reviewed by this Court included the memorandum brief of the original participating manufacturers; the combined response of the State Of Oklahoma(State), to the original manufacturer's request to compel arbitration and the joinder of subsequent participating manufacturers; and, the original participating manufacturers reply in support of the application to compel arbitration.

The Court being fully advised in the premises finds as follows:

The OPM's motion to compel and enforce arbitration provisions of the Master settlement agreement is **SUSTAINED**.

### *OPINION*

This dispute concerns the annual independent auditor calculation of OPM's payment obligation and the application of the nonparticipating manufacturer's(NPM) adjustment to the OPM's annual payment. The determination by the independent auditor of the annual payment presumes application of the diligent enforcement exemptions from the adjustment as to each participating state. The independent auditor calculation result is being challenged by the OPM's as no separate factual determination is made by the independent auditor as to whether or not the qualifying exemption statutes as to each participating State are being diligently enforced. Specifically being challenged is the 2003 independent audit calculation that presumes diligent enforcement and, as alleged by the OPM's, results in a higher payment than is required by the Master Settlement Agreement as it does not include any nonparticipating manufacture adjustment to the annual payment. The result is that each participating State is exempt from any nonparticipating manufacture adjustment because of this diligent enforcement of qualifying statutes presumption. I first **Find** that this dispute is a direct challenge to the independent auditor's determination as to annual OPM payment . I further **Find** that determination of "diligent enforcement"

2

exemptions arises out of and relates to the independent auditor's annual calculation and determinations that must be made. The Master Settlement Agreement provides clear language as to the types of disputes subject to arbitration. This is found in subsection IX(j) where the Master Settlement Agreement discusses the arbitrability of the NPM adjustment to include "...without limitation, any dispute concerning the operation or application of any of the adjustments...".   I find that the Master Settlement Agreement intended the independent auditing firm to be able to make its determinations based upon a single set of rules applicable to all settling states which is accommodated by and is consistent with the arbitration provisions and trial Court retained jurisdictional provisions found in the Master Settlement Agreement. That has not happened as to "diligent enforcement". This is by clear meaning, a dispute concerning the operation or application of any of the adjustments.

The Master Settlement Agreement expressly carves out exceptions to the retained jurisdiction of trial Courts as it relates to the nonparticipating manufacturer's adjustment and other payment related disputes found at MSA § XI(c). The retained jurisdiction constrains the trial Courts to particular disputes that arise within the settling State. Retained jurisdiction is specific in the MSA to include exceptions. State by State "diligent enforcement" is not expressly retained by State Courts, however, NPM Adjustment is expressly excepted. MSA § VII(c). This dispute, while it involves a particular set of qualifying statutes found in the state of Oklahoma, is a

3

dispute that affects the pro rata share to be enjoyed by each participating State and the diligent enforcement determination in each state can have adverse effect globally. The Master Settlement Agreement also allows the OPMs to request reconsideration by the auditing firm, any determination made relating to the NPM Adjustment and Qualifying Statutes, "...in light of subsequent events ( including, without limitation, subsequent judicial review, interpretation, modification and/or disapproval of a settling State's qualifying statute, <u>and the manner and/or the effect of the enforcement of such qualifying statute.</u>)". This expressed wording clearly supports the OPM's position that the independent auditing firm was to make determinations concerning the effect of enforcement of qualifying statutes as a part of the calculation process. MSA § IX(d)(2)(G). It is not a sentence construction that places diligent enforcement determination in the trial Court. It does define the manner and/or effect of the enforcement of such Qualifying Statute as an item of calculation consideration.

The evidence indicates that each participating state's qualifying statutes appear to be almost identical and therefore subject to a set of global standards determined by the arbitration panel relating to diligent enforcement, that can easily apply to each state. A provision to carve out "diligent enforcement" fact-finding as not arbitrable as the State urges, would have been specifically expressed in the Master Settlement Agreement if such was the intent. It was not. " Diligent enforcement" is an element of calculation that has not been determined by the independent auditor and  must be

4

factually determined by global arbitration. Reading the language of the Master Settlement Agreement in its clear and unambiguous form, "diligent enforcement" could only be carved out if you don't consider the determination of diligent enforcement as arising out of or relating to the nonparticipating manufacturers adjustment calculation. Diligent enforcement again, directly affects and thus relates to each state's allocation.

The Master Settlement Agreement provides for broad application of the arbitration provision. To limit the scope of the arbitration provision to matters specifically decided by the auditor is too restrictive and I find not consistent with the clear meaning of the Master Settlement Agreement language within the four corners of which, is subject to no other interpretation. The Auditor's application of any NPM Adjustment necessarily follows a "diligent enforcement" determination and thus directly concerns the operation of and application of the adjustment.

Oklahoma law follows the well settled presumption in favor of broad scope in arbitration. The "arising out of" language is found to be inclusive language with compelling authority for trial Courts to consider this language in the broadest sense with any doubts to be resolved in favor of arbitration. *Cummings v. FedEx Ground Package Systems, Inc.,* 404 F.3d 1258 (10th Cir. 2005); *Bruner v. Timberline Manor Limited Partnership,* 2006 OK 90; *Shaffer v. Jeffrey,* 915 P.2d 910,917 (Okl. 2006); *Fleming Cos. V. Tru Discount Foods,* 977 P.2d 367 (Okl.

5

App. 1998); ***Rollings v. Thermodyne Industries,*** 1996 OK 6; ***Long v. DeGeer,***

753 P2d. 1327 (Okl. 1987); ***Voss v. City of Oklahoma City,*** 1980 OK 148; 15 O.S.

802; 12 O.S. Supp. 2005 § 1857(A).  This arbitration provision is subject to

interpretation that would include this dispute and arbitration must be compelled.

    **IT IS SO ORDERED** this _____27th_____ day of January, 2007.

William C. Hetherington, Jr.
Chief District Judge

6

# CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing was delivered/mailed, postage pre-paid, this _____ day of _____, 2007, to the following:

| | |
|---|---|
| Ronald L. Walker<br>George D. Davis<br>WALLS WALKER HARRIS & WOLFE<br>Union Plaza, Suite 500<br>3030 N.W. Expressway<br>Oklahoma City, OK 73112-5434 | John C. Niemeyer<br>NIEMAYER, ALEXANDER, AUSTIN &<br>PHILLIPS<br>Three Hundred North Walker<br>Oklahoma City, OK 73102-1822 |
| Gayle E. Rosenstein<br>WEIL, GOTSHAL & MANGES<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Thomas J. Frederick<br>Kevin J. Narko<br>Luke A. Palese<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 |
| Kenneth L. Chernof<br>Carl S. Nadler<br>HELLER EHRMAN, LLP<br>1717 Rhode Island Avenue, NW<br>Washington, DC 20036-3001 | Stephen Patton<br>Barack Echols<br>Andrew Bautista<br>KIRKLAND & ELLIS, LLP<br>200 East Randolph Drive<br>Chicago, IL 60601 |
| Drew Edmondson, Attorney General<br>State of Oklahoma<br>Office of the Attorney General<br>2300 North Lincoln Blvd., Suite 112<br>Oklahoma City, OK 73105 | Phillip L. Driskill, Director<br>Oklahoma Department of Veterans<br>Affairs<br>2311 North Central<br>P.O. Box 53067<br>Oklahoma City, OK 73152-3067 |

| | |
|---|---|
| James Crutcher, Commissioner<br>Oklahoma Department of Health<br>1000 N.E. 10th Street<br>Oklahoma City, OK 73117-1299 | Howard H. Hendrick, Director<br>Oklahoma Department of Human<br>Services<br>P.O. Box 25352<br>Oklahoma City, OK 73125-0352 |
| Phillip L. Driskill, Director<br>Oklahoma Department of Veterans<br>Affairs<br>2311 N. Central<br>P.O. Box 53067<br>Oklahoma City, OK 73152-3067 | Mike Fogarty, Director<br>Oklahoma Health Care Authority<br>4545 N. Lincoln Blvd., Ste. 124<br>Oklahoma City, OK 73105 |
| Alan Porter, Secretary<br>Neil Withington, General Counsel<br>B.A.T. Industries, PLC<br>f/k/a The American Tobacco Company<br>Globe House, 4 Temple Place<br>London WC2R 2PG<br>United Kingdom | American Brands Inc.<br>c/o Corporation Service Company<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE  19808 |
| Stephen Patton<br>Barack Echols<br>Andrew Bautista<br>Kirkland & Ellis, LLP<br>200 East Randolph Drive<br>Chicago, IL  60601 | Thomas J. Frederick<br>Kevin J. Narko<br>Luke A. Palese<br>35 West Wacker Drive<br>Chicago, IL  60601 |
| Kenneth L. Chernof<br>Carl S. Nadler<br>Heller Ehrman, LLP<br>1717 Rhode Island Ave., NW<br>Washington, DC  20036-3001 | The Brooke Group Limited<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE  19801 |

| | |
|---|---|
| Liggett Group, Inc.<br>c/o Aaron Marks, Esq.<br>Kasowitz, Benson, Torres & Freidman<br>1633 Broadway, 22nd Floor<br>New York, NY 10019 | Paul Taaffe<br>Chairman and Chief Executive<br>Hill & Knowlton Inc.<br>909 Third Avenue<br>New York, NY 10022 |
| Liggett Group, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | John Murphy, Esq., Chairman<br>Shook, Hardy & Bacon P.C.<br>2555 Grand Blvd.<br>Kansas City, MO 64108 |
| Peter Cross, Managing Partner<br>Jacob, Medinger & Finnegan<br>1270 Avenue of the Americas<br>Rockefeller Center<br>New York, NY 10020-1700 | Charlie O'Neill, Managing Partner<br>Chadbourne & Parke LLP<br>30 Rockefellar Plaza<br>New York, NY 10112 |
| John Long<br>Vice President and General Counsel<br>Liggett Group, Inc.<br>100 Maple Lane<br>Mebane, NC 27302-8160 | Gayle E. Rosenstein<br>Weil Gotshal & Manges, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Hill & Knowlton, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | |

William C. Hetherington, Jr.
Chief District Judge