IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2007 MAR 12  PM 3: 49

STATE OF ALABAMA through its
Attorney General, Troy King,
    Plaintiff,

**EXHIBIT 3**

vs.      CASE NO.CV-1998-2941-PR

PHILIP MORRIS INCORPORATED, et. al.,
    Defendant (s).

*CONSOLIDATED WITH*
STATE OF ALABAMA, et. al.,
    Plaintiffs,

vs.      CV-1998-2940-PR

THE AMERICAN TOBACCO COMPANY et. al.
    Defendants.

*CONSOLIDATED WITH*
PRICE HARDEN BLAYLOCK, a Minor, et. al.,
    Plaintiffs,

vs.      CV-1996-1508-PR

THE AMERICAN TOBACCO COMPANT et. al.
    Defendants.

## ORDER COMPELLING ARBITRATION

This matter comes before the Court upon a motion by Defendants to compel arbitration pursuant to a Master Settlement Agreement which underpins a consent decree and final judgment entered in these consolidated cases on December 11, 1998. The motion is well taken, and is due to be granted.

Plaintiffs, particularly the Attorney General and Governor of Alabama, oppose the motion to compel arbitration, claiming in separate filings that they would prefer to litigate declaratory issues, specifically a construction of certain terms employed by the Master

Settlement Agreement. At oral argument the State of Alabama also contended that if it were required to pursue this dispute with the tobacco companies before the panel of retired federal judges specified by its agreement with the tobacco companies that "chaos" in that forum would ensue. While the Court shows deference and respect for the State's position, however it is not convinced the panel would allow "chaos" to prevail.

The Court is mindful that there may be some inconvenience to the State of Alabama that will be associated with arbitration, compared to a nearby forum, and would be inclined to afford it some of the relief from that burden that it seeks in the absence of its clear contractual obligation to arbitrate this dispute on a national scale. It is an obligation the State of Alabama freely and voluntarily assumed. Nevertheless it now finds fault with, the procedure which provided it a substantial monetary benefit. Moreover, plain language of that agreement, the clear intent of the parties revealed by it and ordinary common sense combine to render the piecemeal procedure and fragmented approach requested by the State simply nonsensical in a national settlement context and, for the reasons stated above, otherwise without merit.

Wherefore, it is considered, ordered, adjudged and decreed that the parties shall submit all disputes now before this Court to the arbitration panel described by Subsection XI(c) of their Master Settlement Agreement, and that the State's separate petition for declaratory relief is denied, without prejudice, in order that it might seek declaratory relief, and any other relief to which it may be entitled, from arbitration panel specified in the Master Settlement Agreement.

The Court retains jurisdiction to determine any post-arbitration claims which any party may wish to bring before it, after an award is entered by the arbitration panel, but

otherwise denies any and all claims by any parties that seek any relief other than its order that the disputes of the parties now before it must be arbitrated in the manner prescribed by their agreement.

    Done this the 9 MAR 2007.

_____
CHARLES PRICE, Circuit Judge