EXHIBIT 5

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED 2007 MAR 20 PM 4:27

DARRELL V. McGRAW, JR., ATTORNEY GENERAL,
ex rel. STATE OF WEST VIRGINIA;
THE WEST VIRGINIA PUBLIC EMPLOYEES
INSURANCE AGENCY; and THE WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN RESOURCES,

    Plaintiffs,

v.    CIVIL ACTION NO. 94-C-1707
(Judge Berger)

THE AMERICAN TOBACCO COMPANY; et al.,

    Defendants.

### ORDER GRANTING DEFENDANT ORIGINAL PARTICIPATING MANUFACTURERS' MOTION TO COMPEL ARBITRATION AND TO STAY THIS LITIGATION

On December 18, 2006, pursuant to the Court's "Agreed Briefing and Scheduling Order," entered October 25, 2006, came the Plaintiff ("State") Darrell V. McGraw, in his capacity as Attorney General for the State of West Virginia by John Dalporto, Senior Assistant Attorney General and Ronald R. Brown, Assistant Attorney General, the Defendants/Original Participating Manufacturers ("OPMs") Philip Morris USA Inc. by Pamela L. Campbell and Allen Guthrie McHugh & Thomas, PLLC, R.J. Reynolds Tobacco Company and Lorillard Tobacco Company by W. Henry Jernigan, Jr., and Dinsmore & Shohl, LLP, and Steve Patton and Kirkland & Ellis LLP, and the Joining Subsequent Participating Manufacturers ("SPMs") Commonwealth Brands, Inc., Compania Industrial de Tabaccoes Monte Paz, SA, Daughters & Ryan, Inc. Farmers Tobacco Company of Cynthania, Inc., House of Prince A/S; Japan Tobacco International U.S.A., Inc., King Maker Marketing, Inc., Kretek International, Inc., Liberty Brands, LLC, Liggett Group LLC, Peter

Stokkebye International A/S, P.T. Djarum, Santa Fe Natural Tobacco Company, Inc., Sherman's 1400 Broadway N.Y.C., Inc., Top Tobacco, L.P., Vector Tobacco Inc., Vibo Corporation d/b/a General Tobacco, Virginia Carolina Corporation, Inc., and Von Eicken Group by Mark W. Kelley and Ray, Winton & Kelley, PLLC, and Robert J. Brookhiser and Howrey, LLP, for hearing and argument on "Defendant Original Participating Manufacturers' Motion to Compel Arbitration and to Dismiss, or in the Alternative, Stay Litigation," and Memorandum in Support, served June 21, 2006.

Having considered the Parties' submissions, argument of counsel, and the relevant authorities, the Court hereby grants Defendant Original Participating Manufacturers' Motion to Compel Arbitration and to Stay This Litigation, and therefore finds, concludes and rules as follows.

This matter came before the Court on the State's April 19, 2006 Motion for Declaratory Judgment, which seeks a declaration that West Virginia "diligently enforced" its "Qualifying Statute," West Virginia Code §16-9B-1, *et. seq.*, during 2003 and, therefore, is exempt from a "Non-Participating Manufacturer" ("NPM") Adjustment to its Allocated Payment under the Tobacco Master Settlement Agreement ("MSA"). In response, the OPMs filed a Motion to Compel arbitration of the State's motion pursuant to Section XI(c) of the MSA, which was joined by various SPMs. By the "Agreed Briefing and Scheduling Order," entered October 25, 2006, the Court ordered and the Parties agreed to first address the OPM's Motion to Compel and the threshold issue of arbitrabilty.

The Parties' dispute concerning the 2003 NPM Adjustment, including the State's defense that it diligently enforced its "Qualifying Statute" and is therefore exempt from the

NPM Adjustment, must be arbitrated under the MSA's plain language before one nationwide arbitration panel of three former federal judges.

The MSA's Arbitration Clause, Section XI(c), clearly and unambiguously requires arbitration of this dispute in two separate ways.

First, Section XI(c) broadly requires that "any" dispute "arising out of or relating to calculations performed by, or any determinations made by, the Independent Auditor," "shall be arbitrated." This dispute, including the State's diligent enforcement defense, clearly arises out of, and relates to, determinations the MSA requires the Independent Auditor to make each year -- whether to apply the NPM Adjustment and the diligent enforcement exemption to that Adjustment. Thus, Section IX(j) of the MSA sets forth the manner in which payments "shall be calculated" by the Independent Auditor each year, including thirteen specific steps the Auditor must follow in determining the various offsets, reductions and adjustments to the base payment. The sixth of these thirteen steps requires that the "NPM Adjustment shall be applied ... pursuant to subsections IX(d)(1) and (d)(2) . . . . " Subsection IX(d)(1), in turn, sets forth how the NPM Adjustment shall be calculated and determined, and subsection IX(d)(2) sets forth how the NPM Adjustment is to be allocated among the Settling States, including the exemption for any State that the Auditor determines is diligently enforcing its Qualifying Statute. Accordingly, the MSA not only authorizes but requires the Auditor to determine each year whether the NPM Adjustment and the diligent enforcement exemption to that Adjustment apply.

Moreover, the Independent Auditor made such determinations here. At the urging of the Settling States, it presumed that they had diligently enforced their respective Qualifying Statutes and, therefore, refused to apply the NPM Adjustment. Indeed, this was

3

the only basis upon which the Auditor could deny the Adjustment. As the State admits, both of the requirements for the Adjustment -- a "Market Share Loss" and a determination by the "Firm" that the MSA was "a significant factor contributing to" that loss -- had been satisfied.

As a result, the dispute here, including the State's diligent enforcement defense, clearly falls within Section XI(c)'s broad "arising out of or relating to" language.

Second, Section XI(c) goes on to provide specific examples of disputes that <u>are</u> arbitrable, "including, without limitation, any dispute concerning the operation or application of any of the adjustments ... and allocations described in subsection IX(j) ...." As discussed above, subsection IX(j) specifically includes the NPM Adjustment and the diligent enforcement exemption to that Adjustment. Accordingly, the MSA expressly mandates that the present dispute, which concerns the "application" of the NPM Adjustment and the diligent enforcement exemption to that Adjustment and the "allocation" of the NPM Adjustment among the Settling States, be arbitrated.

For similar reasons, the Court rejects the State's contention that its diligent enforcement defense is separate and distinct from the Auditor's determination whether to apply the NPM Adjustment, which the State concedes is arbitrable. Under the MSA, diligent enforcement determines whether the NPM Adjustment applies, and if so, how it is to be allocated among the States. The two issues are necessarily intertwined.

Finally, the MSA provision the State relies on in opposing arbitration -- Section VII -- expressly excludes the dispute here from this Court's jurisdiction. It states that "<u>except as provided in subsections ... IX(d) [and] XI(c)</u>," this Court "shall be the only court to which disputes under this Agreement are ... presented as to such Settling State." Section VII thus

4

expressly excludes from this Court's jurisdiction disputes, like this one, that fall within Section XI(c). Further, it specifically excludes disputes, such as this one, falling under Section IX(d), which in turn includes both the NPM Adjustment and the diligent enforcement exemption the State invokes here.

Accordingly, it is **ORDERED** that:

a. The Defendant Original Participating Manufacturers' Motion to Compel Arbitration is **GRANTED**; and

b. The State's Motion for Declaratory Judgment is **STAYED** pending arbitration.

The State's exceptions and objections to the rulings are hereby noted and preserved.

The Clerk is directed to send a certified copy of this Order to counsel of record.

ENTER: March 20th, 2007.

*[signature]*
IRENE C. BERGER
Judge, Circuit Court of Kanawha County

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 21
DAY OF March, 2007.
*[signature]*
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ORDER GRANTING DEFENDANT ORIGINAL PARTICIPATING MANUFACTURERS'
MOTION TO COMPEL ARBITRATION AND TO STAY THIS LITIGATION *(Cont'd)*

PRESENTED BY:

*[signature]*                                          *[signature]*

DAVID B. THOMAS (WVSB 3731)                    W. HENRY JERNIGAN, JR. (WVSB1884)
PAMELA L. CAMPBELL (WVSB 5997)                 BRACE R. MULLETT (WVSB 8834)
TERESA K. THOMPSON (WVSB 6676)                 DINSMORE & SHOHL LLP
ALLEN GUTHRIE MCHUGH & THOMAS, PLLC            Huntington Square, Suite 600
500 Lee Street, East, Suite 800                900 Lee Street
P.O. Box 3394                                  P.O. Box 11887
Charleston, WV 25333-3394                      Charleston, WV 25301-339
(304) 345-7250                                 (304) 357-0900

JAMES D. MATHIAS                               STEVEN R. PATTON
DLA PIPER USA LLP                              KIRKLAND & ELLIS LLP
1251 Avenue of the Americas                    200 East Randolph Drive
New York, NY 10020-1104                        Chicago, IL 60601
                                                   *Counsel for Original Participating*
                                                   *Manufacturers R.J. Reynolds Tobacco*
THOMAS J. FREDERICK                                *Company and Lorillard Tobacco*
WINSTON & STRAWN LLP                               *Company*
35 W. Wacker Drive
Chicago, IL 60601-9703
    *Counsel for Original Participating*
    *Manufacturer Philip Morris USA Inc.*

ORDER GRANTING DEFENDANT ORIGINAL PARTICIPATING MANUFACTURERS'
MOTION TO COMPEL ARBITRATION AND TO STAY THIS LITIGATION *(Cont'd)*

INSPECTED BY:

_____
MARK W. KELLEY (WVSB 5768)
RAY, WINTON & KELLEY, PLLC
109 Capitol Street, Suite 700
Charleston, WV 25301
(304) 342-1141

ROBERT J. BROOKHISER
ELIZABETH B. MCCALLUM
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
   *Counsel for Subsequent Participating Manufacturers Commonwealth Brands, Inc.; Compania Industrial de Tabaccoes Monte Paz, SA; Daughters & Ryan, Inc.; Farmers Tobacco Company of Cynthania, Inc.; House of Prince A/S; Japan Tobacco International U.S.A., Inc.; King Maker Marketing, Inc.; Kretek International, Inc.; Liberty Brands, LLC, Liggett Group LLC; Peter Stokkebye International A/S; P.T. Djarum; Santa Fe Natural Tobacco Company, Inc.; Sherman's 1400 Broadway N.Y.C., Inc.; Top Tobacco, L.P.; Vector Tobacco Inc.; Vibo Corporation d/b/a General Tobacco; Virginia Carolina Corporation, Inc; and Von Eicken Group*

_____
RONALD R. BROWN (WVSB 0501)
ATTORNEY GENERAL'S OFFICE
State Capitol Complex
Building 1, Room W-435
Charleston, WV 25305
(304) 558-2522
   *Counsel for Darrell V. McGraw, in his capacity as Attorney General for the State of West Virginia*