EXHIBIT 6



# State of South Carolina
## Third Judicial Circuit

GEORGE C. JAMES, JR.
CIRCUIT COURT JUDGE

141 NORTH MAIN STREET, SUITE 303
POST OFFICE BOX 1716
SUMTER, SOUTH CAROLINA 29151-1716
TELEPHONE: (803) 436-2150
FAX: (803) 436-2405
E-MAIL: gjamesj@sccourts.org

March 23, 2007

John M. S. Hoefer, Esquire          FAX (803) 256-8062

Mark S. Barrow, Esquire             FAX (803) 256-2233

Leslie A. Cotter, Jr., Esquire
Steven W. Hamm, Esquire             FAX (803) 799-0016

RE: State of South Carolina v Brown & Williamson Tobacco Corporation, et al.
(97-CP-40-1686)

Gentlemen:

After considering the arguments of counsel at the March 12 hearing, and after considering all of the submissions, I have concluded that the motion to compel arbitration made by the OPM's and the SPM's must be granted. The State has agreed to submit to arbitration the question of whether the Independent Auditor properly applied the **presumption** that the settling states had diligently enforced their Qualifying Statutes. A separate but related issue is whether the courts of this State or the arbitration panel contemplated by the MSA should decide whether South Carolina diligently enforced its Qualifying Statute. I am requesting counsel for the OPM's/SPM's to prepare an order granting the motion to compel arbitration of these two issues.

In general, the interpretation of MSA argued by the State would yield a result that is outside the clear language of the MSA, insofar as arbitration is concerned. Section IX sets forth three basic considerations to be taken into account by the Independent Auditor in determining whether or not an NPM adjustment will be applied. The question of diligent enforcement is an integral part of the issue of whether an NPM adjustment will be applied. In my view, it would not be logical to submit to arbitration two of the three considerations, but leave it to the courts of this State to determine the third element, i.e., the question of diligent enforcement.

Page Two
March 23, 2007

One of the decisions that I read characterized the argument made by the State as an attempt to rephrase the diligent enforcement issue as unrelated to NPM adjustment. That argument is unavailing. The Auditor has in fact already determined the question of diligent enforcement in its determination not to apply the NPM adjustment. The MSA clearly and unambiguously provides that "[a]ny dispute, controversy or claim arising out of or relating to calculations performed by, or any determinations made by, the Independent Auditor (**including, without limitation,** any dispute concerning the operation or application of any of the adjustments, reductions, offsets, carry-forwards and allocations described in Subsection IX(j) or Subsection IX(i)) shall be submitted to binding arbitration . . ."

While the decisions from other jurisdictions are not binding on this court, this court cannot ignore the reasoning set forth in these decisions. All of the other courts reference the strong presumption in favor of arbitration. I believe the rationale set forth in the Colorado, Hawaii, D.C., Illinois, Iowa, Massachusetts, New Hampshire, South Dakota, and Virginia decisions most closely match my reasoning. In the order, please cite the number of jurisdictions which have considered this issue and that only one, North Dakota, has held that arbitration is not the proper forum for resolution.

Please also cite the South Carolina Qualifying Statute and, of course, set forth the three considerations to be employed in determining whether or not an NPM adjustment is to be applied.

In the order, please recite or summarize each argument made by the State in its response to the motion. Regarding the public policy and constitutional arguments raised by the State (pages 13-18, State response), there is no authority for the proposition that the State cannot contractually agree to refer contractual disputes to arbitration.

In addition, the State argues that the choice of law provision of the MSA (Section XVIII(n) provides that the MSA "shall be governed by the laws of the relevant Settling State, without regard to the conflict of law rules of such Settling State." This general provision certainly does not trump the very specific, clear, and unambiguous arbitration provision set forth in Section XI(c). If the parties had intended to have the question of diligent enforcement submitted to the courts of each Settling State, the parties could have easily included such a provision in the MSA.

The State also argues that if arbitration is to be ordered, the arbitration panel should be empowered to determine whether or not the diligent enforcement issue is arbitrable in the first instance. In other words, the State is requesting that the arbitration panel be empowered to determine whether or not the diligent enforcement issue should be decided by the courts of this state rather than by the panel itself. This argument has no merit. The MSA compels arbitration of the issue itself, not of the question of whether the issue is arbitrable.

Page Three
March 23, 2007

    Please forward a proposed order to me in MicroSoft Word format, with a copy to other counsel of record. I leave it to your judgment as to whom the proposed order should be sent for review and comment. At the least, it should be sent to Mr. Cotter, Mr. Hamm, and Mr. Hunter.

    I would appreciate it if all of you would fax a copy of this letter to other counsel of record who are not referenced above the body of this letter.

    In closing, I certainly do appreciate your excellent oral presentations and written materials. While the overall issues are quite complex, you all succeeded in making the pertinent issues much less complicated.

                                                   Yours very sincerely,

                                                   George C. James, Jr.

GCJjr:djf



# State of South Carolina
# Third Judicial Circuit

GEORGE C. JAMES, JR.
CIRCUIT COURT JUDGE

141 NORTH MAIN STREET, SUITE 303
POST OFFICE BOX 1716
SUMTER, SOUTH CAROLINA 29151-1716
TELEPHONE: (803) 436-2160
FAX: (803) 436-2403
E MAIL: gjamesj@sccourts.org

## FAX MEMORANDUM/COVER SHEET

TO:  John M. S. Hoefer, Esquire

FAX NO.: [803] 256-8062

TO:  Mark S. Barrow, Esquire

FAX NO.: [803] 256-2233

TO:  Leslie A. Cotter, Jr., Esquire
     Steven W. Hamm, Esquire

FAX NO.: [803] 799-0016

FROM: George C. James, Jr.

RE:  State of South Carolina v Brown & Williamson Tobacco Corporation, et al.

DATE: March 23, 2007

TOTAL NUMBER OF PAGES BEING FAXED INCLUDING MEMO: Four (4)

MESSAGE:

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.