EXHIBIT 1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) No. 657, 2006 |
| Plaintiff Below, | ) |
| Appellant, | ) Court Below: Court of Chancery |
| | ) of the State of Delaware in |
| v. | ) and for New Castle County |
| | ) |
| PHILIP MORRIS USA, INC., et. al., | ) C.A. No. 2088-N |
| | ) |
| Defendant Below, | ) |
| Appellee. | ) |

Submitted: April 11, 2007
Decided: April 17, 2007

Before **STEELE**, Chief Justice, **BERGER**, and **JACOBS**, Justices.

***ORDER***

This 17th day of April, 2007, it appears to the Court that:

(1) The State of Delaware, plaintiff below, appeals the judgment of the Court of Chancery in favor of Appellee Philip Morris USA, Inc. et al. contained in its Memorandum Opinion and Order, which held that the Master Settlement Agreement between 52 jurisdictions and the Original Participating Manufacturers compelled binding arbitration to determine whether each jurisdiction had diligently enforced its qualifying statute. The Court of Chancery determined that the plain language of the Agreement's broad arbitration clause covered the dispute and, therefore, the Agreement compelled arbitration.

(2) The State argues that the Agreement does not compel binding arbitration on the issue of diligent enforcement for three reasons: (a) the Court of Chancery has the authority and the responsibility to determine whether the State diligently enforced the qualifying statutes; (b) the dispute does not involve the calculation of market share loss by the independent auditor, and, therefore, is not subject to arbitration; and, (c) arbitration would frustrate the intent of the Agreement to achieve a timely, inexpensive, local determination of whether the State diligently enforced its qualifying tobacco statute, as prescribed by the MSA.

(3) After oral arguments and consideration of the record, we hold that the vice chancellor correctly found that the Agreement compels arbitration to determine the issue of diligent enforcement. The State and 51 other jurisdictions voluntarily entered into an Agreement with plain language compelling binding arbitration in matters concerning the operation or application of adjustments based on each jurisdiction's qualifying statute. We have no reason to believe that litigating a dispute limited to diligent enforcement in the Court of Chancery would be more timely and efficient than arbitration, even if not clearly anticipated by the parties, because any disputes concerning any adjustment the Independent Auditor might be persuaded to consider relevant to diligent enforcement are subject to arbitration in any event.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is **AFFIRMED**.

BY THE COURT:

/s/ Myron T. Steele
Chief Justice