|  UNITED STATES DISTRICT COURT  |
|  DISTRICT OF PUERTO RICO  |

| | |
|---|---|
| PEDRO ROSSELLÓ, et al., | |
| Plaintiffs, | Civil No. 97-1910 (JAF) |
| v. | |
| BROWN & WILLIAMSON, et al., | |
| Defendants. | |

**O R D E R**

Defendants, Philip Morris USA Inc., R.J. Reynolds Tobacco Company, and Lorillard Tobacco Company, bring this motion against Plaintiffs, Commonwealth of Puerto Rico and its executives, to enforce the arbitration provisions of the parties' Master Settlement Agreement ("MSA"). Docket Document No. 262. Defendants, the major tobacco manufacturers, entered into the MSA in 1998 with Puerto Rico and fifty-one other jurisdictions (collectively, "the settling states") to settle lawsuits for consumer protection and antitrust violations brought by the states in the mid-1990s. Docket Document No. 264 Exh. A.

Under the MSA, Defendants agreed to abide by marketing restrictions and make substantial annual payments to the settling states. Id. The MSA requires an independent auditor to calculate the annual payment and apply various adjustments and reductions to that amount. Id. The MSA contains an arbitration provision requiring the parties to submit to arbitration "[a]ny dispute,

Civil No. 97-1910 (JAF)                                            -2-

controversy or claim arising out of or relating to calculations performed by, or any determinations made by, the [i]ndependent [a]uditor." Id.

Defendants brought the present motion on October 27, 2006, seeking to compel arbitration of a dispute over a decision by the independent auditor not to apply a reduction to their payment as calculated for 2006. Docket Document Nos. 262, 263, 264 Exs. CC, DD.[1] Plaintiff Commonwealth of Puerto Rico opposed the motion on December 7, 2006, asserting that under the terms of the MSA, the independent auditor's decision was not a "calculation" or "determination." Docket Document No. 272. Defendants replied on January 9, 2007, Docket Document Nos. 282, 283, and moved for a hearing on January 10, 2007, Docket Document No. 284.

Where there is an agreement to arbitrate, a court may deny arbitration only when it is certain "that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960); accord AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 656 (1986). The arbitration clause at issue here covers "any dispute . . . arising out of or relating to . . . determinations made by" the independent auditor.

---

[1] Other manufacturers, who were not Defendants to the original suit but who later joined the MSA and are also required to make payments, moved to join the motion on October 31, 2006. Docket Document No. 268. We granted their motion for joinder on November 9, 2006. Docket Document No. 271. This order applies to those parties in addition to the named Defendants.

Civil No. 97-1910 (JAF)                                                      -3-

Docket Document No. 264 Ex. A. It also includes "without limitation . . . any of the adjustments [or] reductions" described in the pertinent MSA sections. Id. Here, the independent auditor decided not to apply a reduction to Defendants' 2006 payment, Docket Document No. 264 Exhs. CC, DD, and Defendants' dispute that decision, e.g., Docket Document No. 264 Exh. EE. We find, therefore, that the language of the arbitration clause plainly covers this dispute.

Additionally, courts in forty-five MSA jurisdictions have considered this precise question, and forty-four have reached the same conclusion we do today. See, e.g., Massachusetts v. Philip Morris Inc., 864 N.E.2d 505 (Mass. 2007); New Hampshire v. Philip Morris USA, Inc., 927 A.2d 503 (N.H. 2007), reh'g denied, No. 2006-621, 2007 N.H. LEXIS 135 (July 27, 2007); Rhode Island v. Brown & Williamson Tobacco Corp., No. 97-3058, 2007 R.I. Super. LEXIS 49 (Super. Ct. March 27, 2007).

For the foregoing reasons, we **GRANT** Defendants' motion to enforce the arbitration provisions of the MSA, Docket Document No. 262. We **DISMISS** Defendants' motion for a hearing, Docket Document No. 284, as moot.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of September, 2007.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        U. S. District Judge